KUPKE, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, January 22, 1907.**

1. **CARRIERS OF PASSENGERS: Personal Injuries: Weight of Evidence.** In an action for damages caused to plaintiff by the sudden starting of one of the defendant's cars on which the plaintiff was a passenger, before she had time to alight, it is held that there is substantial evidence on both sides of the issue of fact presented and the verdict of the jury is conclusive.

2. **DAMAGES: Personal Injuries: Excessive Verdict.** In an action for damages on account of personal injuries, where it was shown that the plaintiff received a severe shock causing a concussion of her spinal cord, that she was in good health before the accident and afterwards a nervous wreck unable to control her organs of speech or stand without assistance, that she was perfectly helpless and her health permanently destroyed, a verdict for $4,000 was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Boyle & Priest, Glendy B. Arnold* and *Frank S. Whitelaw* for appellant.

*Ernest E. Wood* for respondent.

GOODE, J.—Plaintiff was hurt by a fall from one of defendant's electric cars. The accident occurred October 3, 1903, at the intersection of Virginia and Fillmore streets in the city of St. Louis, and was alleged to have been due to an untimely starting of the car by order of the conductor while plaintiff was in the act of alighting. She is of stout habit of body. She had two small grandchildren in charge at the time of the accident. Several witnesses, including plaintiff, testified the children got off the car in safety, but when plaintiff was in the act of stepping off, the conductor, who was on the rear platform from which plaintiff was alighting and could observe her movements, gave the signal for the car to start; that it did start in response to the signal, before plaintiff had stepped to the street and she was hurled to the ground. Witnesses for defendant said plaintiff got off the car before the children and was thrown to the street, not by a movement of the car, but by stepping on some loose stones. As is usual in personal injury actions, we are pressed by defendant's counsel to overturn the verdict on the ground that the evidence to support defendant's theory of the accident was more probable and reasonable than the evidence to support plaintiff's theory and, therefore, ought to be believed. We could not accede to this contention in the present cause, without sweeping away the right of the jury to determine an issue of fact when there is substantial evidence on both sides. A more direct conflict in testimony could not be presented than we find in the different versions given by the witnesses of the accident in controversy.

The only other error assigned is that the verdict of the jury, awarding plaintiff $4,000 damages, was excess-

ive and not proportioned to the injuries she received. This point, like the previous one, calls on us to weigh the evidence. Two physicians who attended plaintiff, swore she was suffering from traumatic neurasthenia in consequence of her fall; that is, nervous exhaustion induced by violence or shock. As we understand, the nervous condition of plaintiff resulted from a concussion of her spinal cord. In fact one of the physicians so swore. He said, too, that he had attended the family for twenty years and plaintiff was in perfect health prior to the accident; that she was able to do her housework but could not do it hereafter or even be out and around by herself. Another physician who examined her a short time before the trial, swore she was a total nervous wreck and had no control over herself or her organs of speech; that when he examined her she was in a state of tremor and involuntary contractions; that on attempting to stand, she had to be assisted, as she was in a tottering and tremulous state; that under excitement her pulse would run up to a hundred and fifteen beats a minute instead of eighty-five, which would be the normal number for a person of her age. Said physician swore her condition was incurable. There was testimony from plaintiff and other witnesses that she is subject to fainting spells and pain in her side. During these spells she groans, her eyes roll, she has to rest her head and arms and requires attention and medicine to quiet her. The evidence goes to show plaintiff needs constant care and that it is dangerous to leave her alone. Another witness swore that on a little exertion plaintiff would give away completely, was perfectly helpless and even if she sits or stands too long the strain is too much for her. No countervailing evidence was given by physicians or other witnesses regarding the extent of the injuries caused by the fall. Plaintiff was fifty-nine years old at the time of the accident, and, if we are to form an opinion from the testimony of physicians and others who have observed her

since, her health is permanently destroyed. We decline to disturb the verdict on the ground that the damages awarded were excessive.

The judgment is affirmed. All concur.