ATLANTIC COAST LINE RAILROAD COMPANY, a Corporation, et al., *Plaintiffs in Error,* v. JENNIE M. WATKINS, Widow, *Defendant in Error.*

En Banc.

Opinion filed February 27, 1930.

*Kelly & Shaw,* for Plaintiffs in Error;

*Mabry, Reaves & Carlton,* for Defendant in Error.

BROWN, J.—On March 17th, 1927, Jennie M. Watkins recovered a verdict and judgment in the circuit court for Hillsborough County, in an action for damages against the Atlantic Coast Line Railroad Company in the sum of

$10,000.00 and costs. To this judgment the railroad company sued out writ of error to this Court. For reasons stated in the opinion of this Court, written by Mr. Justice ELLIS, the judgment was deemed excessive, and a remittitur required as an alternative to a reversal. On May 1st, 1929, this Court issued its mandate to the trial court, wherein it was ordered that pursuant to the action of this Court on March 19, 1929, "the said judgment of the circuit court be and the same is hereby reversed unless the defendant in error shall within fifteen days after the filing of the mandate of this Court in the circuit court enter a remittitur of five thousand dollars." This mandate was duly filed and recorded in said circuit court, and the defendant in error, plaintiff in the court below, duly filed and entered her remittitur, remitting "$5,000.00 of the judgment recovered in said cause," to which was added: "Said remittitur is made effective as of the date of said judgment."

Writ of execution was issued by the circuit court against said railroad company for $5,000.00, together with lawful interest from the date of the rendition of the judgment on March 17, 1927, and for costs. To this writ, an affidavit of illegality was interposed, alleging that the writ was issued for an amount in excess of the amount due to the extent of $900.08, in that the said railroad company was only indebted to said Jennie M. Watkins in the sum of $5,000.00, together with interest thereon from May 1, 1929, the date when the mandate was issued by this Court. With the affidavit bond was filed. Plaintiff in the court below filed her motion set aside the affidavit of illegality, and prayed that execution issue as provided by law, which motion, upon hearing, was granted by the Court, and the defendant railway company and its surety took this writ of error.

While there are some minor points of procedure raised by the assignments of error, the controlling question in the case is whether the unremitted portion of the original judgment bears interest from the date of the rendition of the judgment, or from the date on which the mandate of this Court was issued.

Section 4637, Comp. Gen. Laws, reads as follows:

"It shall be the duty of the Court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law."

Plaintiffs in error contend that the judgment of the circuit court was neither affirmed nor unconditionally reversed, but that this Court did pronounce its judgment, and did thereby give such judgment as the court below ought to have given according to law; that the judgment then became the judgment of the Supreme Court, a new judgment, and not the judgment of the circuit court, and hence should bear interest only from the date it was pronounced by this Court, through its mandate.

While there appears to be some conflict in the cases cited by opposing counsel dealing with this general question, decided in other jurisdictions, we do not find any difficulty in reaching a conclusion on the exact question here presented when the judgment and mandate of this Court in the case at bar are considered in the light of our own previous opinions and decisions in cases where a remittitur has been required to be entered, either as an alternative to a reversal, or, to express it in different words, as a condition precedent to the taking effect an affirmance, of the judgment of the trial court as thus re-

duced. While the language used by the Court has not been the same in all cases, we think the meaning and effect have been the same. In cases of this kind, the Court has not rendered, or intended to render, a new judgment of its own, nor to give such judgment as the court below should have rendered, nor has it specifically directed the court below to enter a particular judgment. To do either of these would be to assume the province of the jury. What this Court has meant when in actions of this nature for damages it has required a *remittitur* to be entered as an alternative to a reversal, or as a condition precedent to affirmance, is that the Court considers that the plaintiff was entitled to recover, but it deems the verdict and judgment execssive, to a certain ascertained extent; that, therefore, if the plaintiff will remit such designated excess portion of the original judgment, as of the date of its rendition, said judgment as thus voluntarily reduced, will stand affirmed as of date of its original rendition; otherwise, the judgment will be reversed. The matter of interest is taken care of by the statute, which provides that all judgments shall bear interest at eight per cent per annum (Section 4493, Comp. Gen. Laws), which means of course from the date of their rendition. The verdict and judgment liquidated the claim for damages, subject of course to appellate review. When, under such a ruling by this Court, the plaintiff in the court below sees fit to remit part of his original judgment, the balance remains unaffected and intact, and he retains the full benefit of such original judgment as thus modified. The result of such a conditional affirmance is, not the rendition of a new judgment, but in effect, the modification of the original judgment, as of the date of its rendition.

Our leading case on this question appears to be Fla. Ry. & Navigation Co. v. Webster, 25 Fla. 394, 5 So. R. 714, wherein it was said:

"Our conclusion being that the verdict should be set aside as excessive, yet instead of absolute reversal on that account, we give the plaintiff the option to retain his judgment if he will enter in the circuit court a *remittitur* of $3,500.00, as of date of said judgment. This course is in accordance with the practice in some other appellate courts, and we think it a good one, to the end of saving vexatious, expensive and prolonged litigation. The objection made to such a course, that the Court is substituting its judgment for that of the jury, when this should not be done except where it is plain they have been governed by prejudice or bias, or other improper influence, does not apply, for this is not indicating what amount the Court would have given, but only such amount as it would not feel at liberty to pronounce excessive.

"The order will be that the judgment stand as of the date it was rendered if the plaintiff enter the *remittitur* indicated, but that failing to do this within thirty days after the mandate of this Court is received by the clerk of the circuit court, the judgment is reversed and a new trial granted."

In Turner v. Adams, 39 Fla. 86, 21 So. R. 575, it was said that "We will give the defendants in error the option to retain their judgment if they will enter in the circuit court a *remittitur* of $60.96 as of the date of the judgment. The order will be that the judgment of the court below stand as of the date it was rendered, if defendants in error enter the *remittitur* indicated; but failing to do this within 30 days after the mandate of this Court is received by the clerk of the circuit court, the judgment is reversed," etc.

See also Fla. East Coast Ry. Co. v. Schumaker, 63 Fla. 137, 57 So. R. 603; L. & N. R. Co. v. Frank, 76 Fla. 384,

80 So. R. 60; Ryan v. Noble, 95 Fla. 830, 116 So. R. 766; 4 C. J. 1137, 1139; Montgomery L. & W. P. Co. v. Thumbs, 204 Ala. 678, 87 So. R. 205.

The general rule is that where the judgment of a trial court is modified upon appeal and not reversed, the modification stands as of the date of the original judgment. 33 C. J. 247; Glenn v. Rice (Cal.), 162 Pac. R. 1020; Niles Sand & Co. v. Muir (Cal.), 203 Pac. R. 1009; Harding v. Kuissner (Ill.), 49 N. E. R. 1001; Montgomery Iron Works v. Capital City Ins. Co., 162 Ala. 420, 50 So. R. 358; 4 C. J. 1234.

When the language of the mandate here under consideration is interpreted in the light of our previous decisions, it clearly intended to require, in order to prevent a reversal, that $5,000.00 and no more should be remitted by the plaintiff from the original judgment, thus leaving such judgment, if *remittitur* were entered, to stand for the remaining $5,000.00, with interest thereon from the date of its rendition, and the costs as therein taxed.

The judgment of the court below is affirmed, and mandate will issue forthwith.

Affirmed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.