**MISSOURI–KANSAS–TEXAS RAILROAD CO.,** a corporation, and **Ernest A. Durbin,** Plaintiffs in Error,

**v.**

**John R. EDWARDS,** Defendant in Error.

No. 38422.

Supreme Court of Oklahoma.

July 11, 1961.

Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, and William A. Thie, Denison, Tex., for plaintiffs in error.

Rucker, Tabor, Best, Sharp & Shepherd, O. H. (Pat) O'Neal, Tulsa, for defendant in error.

BERRY, Justice.

The parties will be referred to herein as in the original opinion which is reported in Okl., 361 P.2d 459, 467.

In the body of the referred-to opinion, this was said:

"(12) After having carefully reviewed the record, we have concluded that the verdict herein is excessive to the extent of $371,207 and for said reason the defendants are entitled to a new trial unless plaintiff, within 30 days after the mandate herein reaches the trial court, agrees to a remittitur of that part of the judgment, which, ex-

clusive of costs, exceeds the sum of $278,793.

"Affirmed subject to remittitur of $371,207, otherwise reversed and remanded for new trial."

After the mandate with opinion attached reached the trial court, plaintiff elected to file a remittitur in accordance with the opinion. Following said action, a controversy arose between the parties relative to whether interest was owing on the judgment as reduced by the remittitur, hereafter referred to as "remitted judgment", from date the judgment was first rendered or from date that the trial court will render judgment on the mandate. As a result of said controversy, plaintiff filed a motion in this Court to recall the mandate for the purpose of correcting same so as to show that interest should be computed on the remitted judgment from date same was originally rendered by the trial court.

Katy has responded to the motion. In its response Katy contends that "there are no grounds for 'correction or clarification' of this Court's mandate" and as an alternative contention, that "statutory interest should only run from the date of entry of new judgment in the trial court in compliance with this court's mandate."

█ In connection with the first mentioned contention, Katy states in substance that notwithstanding it is convinced of the correctness of said contention, it has no objection to this Court treating plaintiff's motion as a proceeding invoking our supervisory control over the lower court, therefore, a proceeding in the nature of an application for a writ of mandamus. In view of all of the facts, we have elected to so treat said motion.

As directly supporting Katy's remaining contention to the effect that interest on the judgment will only accrue from date of trial court's judgment on the mandate, Katy cites as being directly in point 12 O.S.1951 §§ 681 and 975; 15 O.S.1951 § 274; 23 O.S. 1951 § 6; Vilbig Const. Co. et al. v. Whitham, 201 Okl. 86, 201 P.2d 922; Stolze v. St. Louis Transit Co., 122 Mo. 458, 99 S.W.

471, and Compton v. Hammond Lumber Co., 154 Or. 650, 61 P.2d 1257. In support of his opposing contention, plaintiff cites as being directly in point Atlantic Coast Line et al. v. Watkins, 99 Fla. 395, 126 So. 489; Rawlings v. Anheuser-Busch Brewing Ass'n, 69 Neb. 34, 94 N.W. 1001; Givens v. Missouri-Kansas-Texas Ry. Co. of Texas, 5 Cir., 196 F.2d 905; Rasmussen v. Milwaukee Electric Railway & Transport Co. et al., 261 Wis. 579, 53 N.W.2d 442; and Gillingham v. Shiffer-Hillman Clothing Mfg. Co., Ont.R. 343, 3 O.L.R. 134, affirmed Can.S.C. 375, 3 O.L.R. 472.

Katy asserts that the decisions cited by plaintiff can be distinguished on the grounds that same are based on statutes which are neither like nor similar to applicable Oklahoma statutes; that the cases which it cites as being directly in point are either based on said statutes or analogous statutes.

After having read the cases relied upon by the parties that bear directly upon the issue here presented, we have concluded that same are based upon the proposition that if the judgment as modified by the appellate court is considered the judgment of said court, therefore as a new judgment, interest is allowed only from date that the new judgment is rendered, but if the judgment is considered as the judgment originally entered by the trial court, interest will be computed from date said judgment was rendered. In the cases cited by Katy, the judgment was treated as the judgment of the appellate court, and in the cases cited by plaintiff the judgment was treated as the judgment of the lower court.

The basis of the rule that was followed and applied in Atlantic Coast Line R. Co. et al. v. Watkins, supra, is clearly developed by language to the effect that "In cases of this kind, the court has not rendered, or intended to render, a new judgment of its own, nor to give such judgment as the court below should have rendered, nor has it specifically directed the court below to enter a particular judgment. To do either of these would be to assume the province of the jury. What this court has meant when

in actions of this nature for damages it has required a remittitur to be entered as an alternative to a reversal, or as a condition precedent to affirmance, is that the court considers that the plaintiff was entitled to recover, but it deems the verdict and judgment excessive, to a certain ascertained extent; that therefore, if the plaintiff will remit such designated excess portion of the original judgment, as of the date of its rendition, said judgment as thus voluntarily reduced, will stand affirmed as of the date of its original rendition; otherwise, the judgment will be reversed. The matter of interest is taken care of by the statute, which provides that all judgment shall bear interest at 8 per cent. per annum (section 4493, C.G.L.), which means of course from the date of their rendition. The verdict and judgment liquidated the claim for damages, subject of course to appellate review. When, under such a ruling by this court, the plaintiff in the court below sees fit to remit part of his original judgment, the balance remains unaffected and intact, and he retains the full benefit of such original judgment as thus modified. The result of such a conditional affirmance is, not the rendition of a new judgment, but in effect the modification of the original judgment as of the date of its rendition." [99 Fla. 395, 126 So. 490.]

The basis of the rule followed and applied in Stolze v. St. Louis Transit Co., supra, is clearly developed by language to the effect that "By the remittitur the judgment for $15,000 was annulled and wiped out of existence as a judgment, and a new judgment for $8,000 was rendered by the Supreme Court." [122 Mo. 458, 99 S.W. 472.]

In numerous decisions of this Court in which a judgment on a verdict in an action in tort has been affirmed subject to remittitur of a portion of the judgment, we have made clear that the judgment of the trial court stands as modified. In State Farm Life Ins. Co. v. Barbe, 187 Okl. 22, 100 P.2d 866, this was said in the third paragraph of the syllabus:

"Where the verdict of the jury is in excess of the amount to which the plaintiff is entitled, this court may direct a reversal, or give the plaintiff the option to remit the excess, and allow the judgment to stand as modified."

For other decisions to the same general effect, see cases cited following ☞1140(2), Appeal & Error, Vol. 2A, West's Okl. Dig.

█ The referred-to pronouncements are in keeping with the general rule that where a judgment based upon a verdict in a case involving controverted facts is reversed, a judgment will not be rendered by the appellate court. At p. 430, § 1925, Appeal & Error, 5B C.J.S., it is stated that "As a general rule, the court will not render or order final judgment in an action at law where the evidence is conflicting or an issue of fact for the trial court is undetermined."

The above referred-to rule is not followed in this jurisdiction where the action is cognizable in equity. In such cases the evidence will be weighed and if the judgment below is clearly against the weight of the evidence, a judgment such as should have been rendered by the trial court will be rendered here or the trial court will be directed to enter such judgment. See cases cited following ☞1175(7), Appeal & Error, Vol. 2A, West's Okl.Dig.

Katy points out that in the Vilbig Construction Co. case, supra, we said that "In the instant case the amount allowed by the trial court was materially reduced by this court, and we feel that in view of this fact it would be equitable to allow interest only from the date of the final determination of the controversy by this court." [201 Okl. 86, 201 P.2d 932.] The action before us in the cited case was cognizable in equity. It follows that consistent with well-established precedent we could have entered judgment for the amount that the trial court was directed to enter. Had we done so, the judgment would have been ours and as a general rule interest would have only been allowed on the judgment from date that same was here rendered. We feel that the fact that the trial court was ordered to ren-

der the judgment is of no particular significance because in any event the judgment rendered was a new judgment. For reasons stated, we are of the conviction that the Vilbig Construction Company case is not in point.

Section 274, supra, reads in part as follows:

"All judgments of courts of record and justices of the peace shall bear interest from the day on which they are rendered at the rate of six per cent. per annum * * *."

■ As pointed out in annotated notes beginning at p. 480, 1 A.L.R.2d, under the common law judgments do not bear interest but by force of statute interest is generally allowed on judgments. In view of the fact that it is spelled out in the above cited statute that "judgments of courts of record * * * shall bear interest from the date on which they are rendered" and in view of the further fact that the judgment herein for reasons stated was rendered when originally entered by the trial court, we are compelled to find and hold for plaintiff.

In 30 Am.Jur. "Interest", Sec. 46, p. 40, this is said:

"Where a judgment or decree is modified on appeal by increasing or reducing its amount, the question arises whether interest should be allowed on the amount as finally determined from the date of the original entry or filing of the judgment, or from the date of the judgment as modified. No general rule is deducible from the decisions passing on the question, but it may be observed that in a majority of the cases interest is held to run from the date of the original judgment or decree appealed from, and not from the date of the judgment as modified. * * *"

For a statement of the same general purport, see 47 C.J.S. Interest § 59, p. 68. In the annotated notes heretofore referred to (1 A.L.R.2d 480 et seq.) will be found cases touching upon the issue presented by this appeal.

For reasons stated, the trial court, in entering judgment on the mandate issued herein, shall allow interest on the remitted judgment from date said judgment was originally entered by said court.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON and IRWIN, JJ., concur.