189 So.2d 265 (1966)
Charles F. SMITH, Jr., Appellant,
v.
Olivia W. GOODPASTURE, Appellee.
No. 669.
District Court of Appeal of Florida. Fourth District.
July 28, 1966.
*266 Larry Alan Klein, of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellant.
Wallis E. Schulle, of Fisher, Prior, Pruitt & Schulle, West Palm Beach, for appellee.
SMITH, Chief Judge.
The defendant, Charles F. Smith, Jr., brought this interlocutory appeal from an order entered in law after final judgment. The issues presented on appeal have the ultimate effect of determining when interest begins to run on a judgment rendered in favor of the Plaintiff-Appellee Goodpasture.
In this personal injury action the jury awarded plaintiff a verdict in the amount of $78,000.00. On appeal[1] the award was determined to be excessive, the judgment was reversed "* * * with directions that the trial judge enter an appropriate remittitur. If in the opinion of the trial judge it should be impossible for him to fix and determine a proper amount of remittitur, then he is directed to grant a new trial on the question of damages only." On remand the court found the judgment to be excessive by the sum of $19,500.00 and ordered a remittitur in that amount, otherwise a new trial was granted on the question of damages only. Within the time permitted the plaintiff entered her remittitur in which she acknowledged that the final judgment entered October 7, 1963, was reduced from the sum of $78,000.00 to the sum of $58,500.00 effective as of the date of entry of the judgment. Defendant moved for the entry of an order setting aside the final judgment entered October 7, 1963, and for the entry of a new judgment in favor of the plaintiff. The trial court determined in the order appealed that the entry of a new final judgment was not necessary, ordered that the final judgment be modified to reduce the amount to $58,500.00.
Appellant contends that if the court performed merely a ministerial duty nothing more than a modification of the judgment was required, but further judicial labor was required. Therefore, an entirely new judgment must be entered. We concur with appellant in his conclusion that the acts required to be done by the trial court after remand involved the exercise of discretion and judgment constituting judicial acts, and therefore they were not merely ministerial acts. However, this determination does not resolve the real issue here presented, and that is, when does interest begin to accrue on the judgment.
The statute provides that all judgments shall bear interest at a rate of six per cent per annum. F.S.A. § 55.03. In an ordinary personal injury action interest accrues only from the date of judgment. Parker v. Brinson Construction Company, Fla. 1955, 78 So.2d 873.
The authors of Corpus Juris Secundum purport to resolve the question by stating that if a judgment is reversed and the court is required to enter a new judgment then interest accrues only from the date of the subsequent judgment. They further state that as a general rule when an appellate court modifies a judgment interest runs only from the date that the judgment was modified, and if on a motion for a new trial a remittitur is ordered and accepted interest runs only from the order requiring a remittitur or new trial. 47 C.J.S. Interest *267 § 59. On the other hand and to the opposite effect, the authors of American Jurisprudence state that no general rule is deductible from the decisions passing on the question but that it may be observed that in the majority of the cases interest is held to run from the date of the original judgment and not from the date that the judgment was modified. This rule, so they state, is based on the reason that the mandate and the opinion taken together, although employing the word "reversed" amount to reversal only in respect to the amount of the award and amounts to an affirmance in all other respects. Thus, interest is allowed on the judgment as reduced from the original date of the judgment. 30 Am.Jr., Interest, § 46. The numerous authorities cited by each show two lines of authority for the two diametrically opposed views.
In Atlantic Coast Line R. Co. v. Watkins, 1930, 99 Fla. 395, 126 So. 489, the court determined that where the appellate court requires a remittitur of a stated portion of a judgment as an alternative to a reversal and the holder enters the remittitur, the unremitted portion of the original judgment remains intact and bears interest from its date and not from the time of remittitur. The result was held to be a modification of the original judgment as of the date of the original judgment. The issue was resolved directly without application of the theory of judicial labor or ministerial act. The only difference between the facts in Watkins, supra, and the case at bar is that the amount of the remittitur was determined and ordered by the appellate court, whereas here we directed the trial court to determine the amount of the remittitur. We find that in either event the result is the same, that is, there is a modification of the original judgment as of its date. Therefore, the entry of a new judgment is not required. In either event interest accrues on the amount to which the judgment was ultimately reduced as of the date of the entry of the original judgment.
In Kulhanjian v. Moomjian, Fla. 1958, 105 So.2d 783, the court determined that there was no liability upon the surety in a supersedeas bond where the judgment superseded was reversed in part and affirmed in part and a subsequent judgment entered. The court there did resolve that issue by determining whether the further acts required constituted judicial labor or the performance of a ministerial duty. The Kulhanjian decision does not mention the prior Atlantic Coast Line decision, but the court did note in Kulhanjian that a judgment reduced by remittitur was only a modified judgment as opposed to a new judgment. Thus, it seems that in determining the surety's liability on the supersedeas bond where a subsequent judgment is rendered after mandate that issue is determined by considering whether further judicial labor was required or whether the further acts were merely ministerial. The further acts in that instance were determined to be judicial acts, and on this premise the court concluded that the subsequent judgment was a new judgment and there was no liability on the surety for the new judgment. Careful consideration of the two decisions leads us to the conclusion that the conclusions reached are different but not conflicting and each produces a result that is foursquare with logic and reason. A contractual obligation of a surety should not be enlarged by subsequent events. But on the other hand when a judgment holder suffers a remittitur there is no reason to deny interest from the date of the original judgment on the reduced amount.
Affirmed.
ANDREWS and WALDEN, JJ., concur.
NOTES
[1] Smith v. Goodpasture, Fla.App. 1965, 179 So.2d 240.