308 So.2d 633 (1975)
X.T. ECHEVERRIA et al., Appellants,
v.
John Charles BARCZAK, Appellee.
No. 74-372.
District Court of Appeal of Florida, Third District.
January 21, 1975.
Rehearing Denied March 12, 1975.
Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, Carey, Dwyer, Austin, Cole & Selwood, Miami, Papy, Levy, Carruthers & Poole, Coral Gables, for appellants.
Hawkesworth, Kay & Schmick, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
PER CURIAM.
The appellants were the defendants in an automobile negligence case. The jury returned a verdict for the plaintiff and this appeal is from the final judgment pursuant to the verdict.
Appellants' single point urges that the trial court erred in refusing to instruct the jury upon a requested instruction on sudden emergency. Appellee's brief makes no issue of whether the instruction was regularly requested or would have been a good instruction under a proper factual situation. See DuPree v. Pitts, Fla.App. 1964, 159 So.2d 904. Appellee urges, however, that the charge was properly refused because the sudden emergency claimed was not a condition of a sudden and unexpected nature. See Ellwood v. Peters, Fla.App. 1966, 182 So.2d 281.
Our review of the record in the light of the briefs and the oral argument convinces us that when the record is viewed in the light most favorable to the appellant, it cannot be said that the evidence raised an issue for jury determination under the sudden emergency theory. Cf. Seitner v. Clevenger, Fla. 1953, 68 So.2d 396 and Ellwood v. Peters, Fla.App. 1966, 182 So.2d 281.
The appellee has cross-assigned error upon the trial court's apportionment of the jury verdict. The final judgment recites that the jury "... found the defendants 85% negligent and the plaintiff zero % negligent ..." The jury found the total damages sustained by the plaintiff-appellee to be $85,000. The trial judge entered a final judgment for the plaintiff for the sum of $72,250, thereby reducing the amount the jury found as lawful damage to the plaintiff by the amount of negligence attributed to some unnamed party.
*634 This procedure has been held improper by this court. See Issen v. Lincenberg, Fla.App. 1974, 293 So.2d 777; see also Maybarduk v. Bustamante, Fla.App. 1974, 294 So.2d 374.
Accordingly, the judgment is reversed and the cause is remanded with directions to the court to enter a final judgment for the plaintiff against the defendants in the full amount of the jury verdict together with lawful interests and costs.
Affirmed in part, reversed in part and remanded.