314 So.2d 5 (1975)
John Patrick GILMORE et Ux., Appellants,
v.
Thomas Sidney MORRISON et al., Appellees.
Thomas Sidney MORRISON et al., Appellants,
v.
John Patrick GILMORE et al., Appellees.
Nos. 74-486, 74-500.
District Court of Appeal of Florida, Fourth District.
May 23, 1975.
Rehearing Denied June 26, 1975.
Joe N. Unger, Miami Beach, of counsel, and Preddy, Haddad, Kutner & Hardy, Fort Lauderdale, for appellants Morrison, Greyhound & Gen. Fire & Cas., in No. 74-500 and appellees in No. 74-486.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto & Dean, and Edward W. Starr, West Palm Beach, for appellees Gilmore in No. 74-500 and appellants in No. 74-486.
PER CURIAM.
Upon review of the briefs and oral argument and upon due consideration of the record in these consolidated appeals we are of the opinion that no reversible error has been made to appear except as to that portion of the final judgment wherein the trial court reduced the jury verdict entered in favor of the plaintiff-wife.
In the proceedings below instituted by the plaintiff-husband and plaintiff-wife (a passenger in the automobile driven by the plaintiff-husband) against Greyhound Lines, Inc., and defendant Morrison, the operator of a bus involved in a collision with the plaintiff car, the jury returned a verdict in favor of the plaintiffs. The jury also found that the percentage of negligence of the plaintiff-husband and defendant Morrison to be 50 per cent each. The trial court reduced the judgments entered in favor of the plaintiff-husband and plaintiff-wife by 50 per cent.
For the reasons more fully discussed in the recent decisions of this court and our sister court we are of the opinion that the trial court erred in reducing the non-negligent plaintiff-passenger's recovery by the proportion of the plaintiff-driver's negligence. Maybarduk v. Bustamante, Fla. App. 1974, 294 So.2d 374; Stuart v. Hertz Corporation, Fla.App. 1974, 302 So.2d 187; Echeverria v. Barczak, Fla.App. 1975, 308 So.2d 633; and Acevedo v. Acosta, Fla. App. 1974, 296 So.2d 526. To hold otherwise would impute the negligence of the *6 plaintiff-husband to the plaintiff-wife (evidence of which is not found herein), and would disregard the rule of no contribution between tort-feasors in Florida.
Accordingly, the jury verdict entered in favor of the plaintiff-wife is reinstated and the final judgment modified to the extent therewith; in all other respects the final judgment is affirmed.
CROSS and MAGER, JJ., DE MANIO, PETER M., Associate Judge, concur.