341 So.2d 779 (1976)
John Patrick GILMORE and Margaret Gilmore, Individually and As Husband and Wife, Appellants,
v.
Thomas Sidney MORRISON et al., Appellees.
No. 75-2205.
District Court of Appeal of Florida, Fourth District.
December 3, 1976.
Rehearing Denied February 16, 1977.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto & Dean and Edward W. Starr, West Palm Beach, for appellants.
Timoleon Anagnost, Coral Gables, and Glen P. Falk of Preddy, Haddad, Kutner, Hardy & Josephs, Miami, for appellees.
ALDERMAN, Judge.
Mrs. Gilmore, a passenger in an automobile driven by her husband, was injured when the vehicle in which she was riding was involved in a collision with a Greyhound bus. She sued the bus driver, Greyhound Lines, Inc., and its liability insurance carrier. Trial was held and the jury's verdict determined Mrs. Gilmore's damages to be $225,000. However the jury also found the percentage of negligence of her husband *780 and the bus driver to be fifty percent each. The trial court reduced the amount awarded to Mrs. Gilmore by fifty percent and entered judgment in her favor for $112,500.
On a prior appeal from the original judgment we held that the trial court had erred in reducing the non-negligent wife's recovery by the proportion of her husband-driver's negligence. Gilmore v. Morrison, 314 So.2d 5 (Fla. 4th DCA 1975). We held that "... the jury verdict entered in favor of the plaintiff-wife is reinstated and the final judgment modified to the extent therewith; in all other respects the final judgment is affirmed."
Upon receipt of the mandate from the first appeal, the trial court entered another judgment in favor of Mrs. Gilmore in the amount of $225,000. However the trial court refused to award interest on the full $225,000 from the date of the original final judgment. Instead interest was allowed only on $112,500 from March 21, 1974, the original date of the final judgment, until September 18, 1975, the date on which the trial court entered judgment for $225,000. Thereafter interest was allowed on the full amount.
Mrs. Gilmore contends that she is entitled to receive interest on $225,000 from the date of her original judgment. We agree. Courts in Florida have long recognized that where the judgment of a trial court is modified upon appeal and not reversed, the modification stands as of the date of the original judgment, and interest accrues on the judgment as modified. Atlantic Coast Line R. Co. v. Watkins, 99 Fla. 395, 126 So. 489 (1930); Smith v. Goodpasture, 189 So.2d 265 (Fla. 4th DCA 1966); Novack v. Novack, 210 So.2d 215 (Fla. 1968). We recognize that the above cited decisions are factually distinguishable from the present case because they involve a remittitur, rather than a reinstatement of the jury's verdict resulting in an increase in the original judgment. In our opinion the distinction is not significant. In either event the effect is the same  that is, there has been a modification by the appellate court of the original judgment.
We find that the original judgment in this case was modified by the mandate of this court in the first appeal. We hold that where a money judgment has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, interest on the judgment as modified runs from the date of the original judgment. This is true regardless of whether the appellate court reduces the original judgment, as in the remittitur decisions cited above, or increases the original judgment as in the present case. Although there is a contrary minority view, our holding is consistent with most cases from other jurisdictions. See Annotation in 4 A.L.R.3rd 1221.
REVERSED and REMANDED with instructions that interest be allowed on the full amount of the modified judgment from the date of the original judgment.
CROSS, J., and COBB, WARREN H., Associate Judge, concur.