371 So.2d 696 (1979)
Carol McNITT, Appellant,
v.
Robert Henry OSBORNE, Aukerman-Goughnour Company, F/K/a A.C. Aukerman Company and Northwestern National Insurance Company, Appellees.
Nos. 78-1455, 78-2195.
District Court of Appeal of Florida, Third District.
June 5, 1979.
*697 Horton, Perse & Ginsberg and Arnold R. Ginsberg, P.J. Carroll & Associates, Miami, for Carol McNitt.
Gerald M. Walsh & Associates and Mark R. Boyd, Fort Lauderdale, for Robert H. Osborne and Aukerman-Goughnour and Northwestern.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
We hold that interest on a final judgment begins to run from the date that it is signed and filed, rather than, as the trial judge held below, only when timely post-trial motions have been disposed of, so as to render the judgment final for the purposes of appeal. There is nothing in the use of the word "rendered" in either the present or the prior version of Section 55.03, Florida Statutes (1977) which indicates in any way an intention by the legislature to incorporate the definition of "rendition" found in Fla.R.App.P. 9.020(g)[1] with the effect of postponing the accrual of the right to interest. To the contrary, the context in which the term is used, see Davis v. Strople, 39 So.2d 468 (Fla. 1949), makes it apparent that it is to be given the meaning referred to in Becker v. King, 307 So.2d 855, 858 (Fla. 4th DCA 1975), cert. dism., 317 So.2d 76 (Fla. 1975):
"Aside from its definition in the Florida Appellate Rules, rendition of a judgment generally refers to the judicial act of the court in giving, returning, pronouncing, or announcing, orally or in writing, its conclusions and decision on the matter submitted to it for adjudication, and is distinct from the signing of a subsequent formal judgment and from the later recording or filing of the writing or the entry of judgment in the minutes of the court. Aside from the effect of a statute or court rule requiring the judgment to be written for particular purposes, a judgment exists as such when it is thus rendered and is valid and binding as between the parties and their privies, although the only competent evidence of such act is a memorial or record in the form of a written and signed judgment or a clerk's minute book entry." [emphasis supplied]
The principle that interest on a judgment runs from the time of its entry is so wellrecognized that the point is universally assumed without discussion in the decided Florida cases.[2] E.g., Smith v. Goodpasture, 189 So.2d 265 (Fla. 4th DCA 1966); see Stone v. Jeffres, 208 So.2d 827 (Fla. 1968); Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605 (1942); Atlantic Coast Line R. Co. v. Watkins, 99 Fla. 395, 126 So. 489 (1930); St. Cloud Utilities v. Moore, 355 So.2d 446, 448 (Fla. 4th DCA 1978); Gilmore v. Morrison, 341 So.2d 779 (Fla. 4th DCA 1976); City of Miami Beach v. Jacobs, 341 So.2d 236, 238 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 945 (Fla. 1977) ("interest ... would accrue from the time of the entry of the judgment ..."); cf. Comment to Fla. R.App.P. 9.340, referring to former Fla. App. Rule 3.15(a). There seems to be no decision anywhere in which interest has been held to accrue at any point subsequent to the entry of a final judgment, see 45 Am.Jur.2d Interest and Usury §§ 96-97 *698 (1969); Annot., Interest on Judgment, 1 A.L.R.2d 479, 481 (1948), and indeed, no case in which the term "rendered" or "rendition" has, in any context other than the appellate one, been given the meaning for which the appellees contend. Cases collected, 36A Words and Phrases, "Rendition of Judgment," 621-632 (1962).
For these reasons, the order challenged by petition for certiorari in case no. 78-1455 is quashed; the final order on appeal in case no. 78-2195 is reversed, and the cause is remanded for further proceedings consistent herewith.
Certiorari granted, reversed and remanded.
NOTES
[1] The 1977 Advisory Committee and Court's Commentary to Fla.R.App.P. 9.020 states:

"Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law."
[2] Under the contrary holding adopted by the trial court, a litigant could suspend the running of interest merely by filing a frivolous post-trial motion. On the other hand, if no such motion were filed, or if one were filed untimely, interest would then run, under Fla.R.App.P. 9.020(g), from the date of the original judgment. Sec. 55.02, Fla. Stat. surely does not mandate the approval of such anomalous and illogical results.