ORFINGER, Judge.
Appellant contends that the trial court erred in dismissing a betterment petition as filed too late.[1] We agree and reverse.
Appellees were plaintiffs in an action for ejectment and damages. Following entry of judgment in their favor, appellees filed a timely motion for new trial on damages claiming that they were entitled to more than the nominal damages awarded by the jury.
The trial court granted the motion and entered an order awarding appellee a new trial on the issue of damages. On the same day, it entered an amended final judgment which, like the original final judgment, recited that plaintiffs were the owners of and entitled to possession of the described lands, and reserved jurisdiction to award damages and costs to be recovered by appellees. Within 60 days of the entry of the amended final judgment, but more than 60 days from the entry of the original final judgment, appellant filed its petition for betterment, which petition was dismissed upon appel-lees’ motion as being filed too late. This appeal followed.
Appellant points to Rule 9.020(g), Florida Rules of Appellate Procedure[2] and says that this clearly indicates that when appel-lees filed the motion for new trial the “rendition” of the judgment was delayed until the motion was ruled upon, so that the petition for betterment filed within sixty days of the entry of the amended final judgment was timely. Appellees contend that Rule 9.020(g) applies only to appellate proceedings, and does not control the statutory ejectment proceeding, relying on cases such as McNitt v. Osborne, 371 So.2d 696 (Fla. 3d DCA 1979), and cases cited therein.
We have no quarrel with McNitt, but it is distinguishable from this case. In McNitt, the issue was whether statutory interest began to run from the date the judgment was signed and filed, or from the date on which post-trial motions were disposed of. Judge Schwartz, speaking for the court, observed that:
There is nothing in the use of the word “rendered” in either the present or the prior version of Section 55.03, Florida Statutes (1977) which indicates in any way an intention by the legislature to incorporate the definition of “rendition” found in Florida Rules of Appellate Procedure 9.020(g) with the effect of postponing the accrual of the right to interest.
The principle that interest on a judgment runs from the time of its entry was found to be so well recognized as to be universally assumed without discussion.
But the reasons for the holding in McNitt do not appear here. The statute in question *1128 clearly contemplates that an appellate proceeding may intervene, and if it does, the defendant in ejectment has an additional 20 days after filing of the mandate within which to file the petition for betterment. If we follow appellees’ position to its logical conclusion, if a motion for new trial had been filed which could not be heard or disposed of by the trial court within sixty days after the entry of the original judgment, and had an appeal then followed, the betterment petition would be due, not twenty days after the filing of the mandate affirming the judgment as the statute clearly dictates, but sixty days after the entry of the original judgment. Clearly, this is not the statutory intention. Obviously the term “rendered” as used in the betterment statute does contemplate an appellate proceeding and the definition of the term from the appellate rules should apply.[3]
*1127 Where there has been filed in the lower tribunal an authorized and timely motion for a new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, in arrest of judgment or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
*1128 This interpretation gives effect to the legislative intent apparent from the act as a whole to give to a defendant in ejectment a reasonable and practical opportunity to present and have determined a betterment petition. See Bailey v. Bailey, 114 So.2d 804 (Fla. 1st DCA 1959). The petition here was timely.
REVERSED and REMANDED for further proceedings consistent herewith.
DAUKSCH, C. J., and EVANS, VERNON W., Associate Judge, concur.

. Section 66.041, Florida Statutes (1977), provides:
If a judgment of eviction is rendered against defendant, within sixty days thereafter, or if he has appealed, within twenty days after filing the mandate affirming the judgment, he may file in the court in which the judgment was rendered a petition setting forth that:
(1) Defendant had been in possession and that he or those under whom he validly derived had permanently improved the value of the property in controversy before commencement of the action in which judgment was rendered.
(2) Defendant or those under whom he validly derives held the property at the time of such improvement under an apparently good, legal or equitable title derived from the English, Spanish or United States governments or this state; or under a legal or equitable title plain and connected on the records of a public office or public offices; or under purchase at a regular sale made by an executor, administrator, guardian or other person by order of court, and
(3)When defendant made the improvements or purchased the property improved, he believed the title which he held or purchased to the land thus improved to be a good and valid title. The petition shall demand that the value of the improvements be assessed and compensation awarded to him therefor.

. Rule 9.020(g), Florida Rules of Appellate Procedure (1977) states:

. See Casto v. Casto, 388 So.2d 1 (Fla. 4th DCA 1980) where the court held that the term “entry of judgment” as used in Fla.R.C.P. 1.530(b) was synonymous with the term “rendition” as used in Fla.R.App.P. 9.020(g).