617 So.2d 433 (1993)
Deborah K. CLAY, n/k/a Deborah K. Ford, Appellant,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.
No. 92-1750.
District Court of Appeal of Florida, Fourth District.
April 28, 1993.
*434 Robert L. Dennis, Okeechobee, for appellant.
Paul H. Field, of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Miami, for appellee.
FARMER, Judge.
Plaintiff appeals a final order of the Circuit Court denying her postjudgment interest on the total amount of attorney's fees awarded. We agree and reverse.
To say that the facts and circumstances of this case are unique is to use understatement when only hyperbole seems sufficient. The dead body of appellant's former husband was found in March 1986, floating in a ditch with fourteen stab wounds in his chest, back and neck. Two weeks later, appellant as beneficiary submitted a claim to The Prudential Insurance Company of America [insurer] for the benefits under a life insurance policy. Not long after that, she was identified by police as a suspect in the death of the insured. The insurer denied the claim, pointing to section 732.802, Florida Statutes (1985). Shortly thereafter, she filed suit in June 1986 against the insurer for the policy benefits.
The case proceeded through discovery and pretrial attempts by the insurer to obtain the police investigative file on the murder of the insured. After much maneuvering by both sides, the trial court finally determined in November 1988 that the police records were not discoverable or admissible and that the insurer was not entitled to a summary judgment. At a pretrial conference in June 1989, the court accepted the insurer's stipulation that it had no defenses and permitted it to interplead the policy benefits, which were then deposited into an interest bearing account.
In April 1990 the trial judge heard the beneficiary's motion for costs and attorney's fees under section 627.428, Florida Statutes (1989). The judge agreed that she was entitled to fees but limited them to the period only after the court had ruled that the police files were not available and denied the insurer's motion for summary judgment, i.e. from November 1988 to June 1989 when the court had allowed the interpleader. In fixing the amount of the fees, the court found that the reasonable hourly rate was $125 but found that a contingency risk multiplier was not appropriate.
She appealed the court's limitation of fees to only that period of time occurring *435 after the insurer had lost the motion for summary judgment. In agreeing with her, we wrote:
The only error which we perceive herein is the trial court's limitation of the period for which the insurer should pay the beneficiary's attorney's fee, and we conclude the correct period to be June 19, 1986 until December 28, 1989. See Ray v. Travelers Ins. Co., 477 So.2d 634 (Fla. 4th DCA 1985).
Accordingly, we reverse and remand with direction to award such fee for the above period, using the same hourly rate and without the application of a contingency fee multiplier.
Clay v. Prudential, 576 So.2d 1360 (Fla. 4th DCA 1991).
On remand, the trial court calculated the remainder of the reasonable fee for the previously rejected period to be an additional $141,875 and entered an order for that sum. The beneficiary then sought interest from April 20, 1990, on $180,312.50, the full amount of fees for services in the trial court. The trial court denied her motion, explaining:
The Court finds that the August 20, 1991 Judgment, in the amount of $141,875.00, entered in accordance with the Evidentiary Hearing held July 25, 1991, and in conjunction with the Appellate Court's Mandate, represented more than a mere modification of the original Attorney's Fees Judgment, entered by [the predecessor judge] on April 23, 1990, and therefore was a separate and distinct Final Judgment. As a result, Post Judgment Interest on the August 20, 1991 Attorney's Fee Judgment, runs from August 20, 1991 up to October 8, 1991. * * *
The court went on to deny interest even on the fee originally awarded.
The beneficiary essentially argues as follows. In Gilmore v. Morrison, 341 So.2d 779 (Fla. 4th DCA 1977), we held:
* * * that where a money judgment has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, interest on the judgment as modified runs from the date of the original judgment. This is true regardless of whether the appellate court reduces the original judgment, as in the remittitur decisions cited above, or increases the original judgment as in the present case. Although there is a contrary minority view, our holding is consistent with most cases from other jurisdictions.
341 So.2d at 780. In our Gilmore opinion, we relied on our previous decision in Smith v. Goodpasture, 189 So.2d 265 (Fla. 4th DCA 1966), where we held that, after a trial judge's determination of the amount of a remittitur after reversal and remand, there is no reason to deny interest to the judgment creditor from the date of the original judgment on the reduced amount.
We reached that conclusion in Goodpasture by examining Atlantic Coast Line R. Co. v. Watkins, 99 Fla. 395, 126 So. 489 (1930), and Kulhanjian v. Moomjiam, 105 So.2d 783 (Fla. 1958). In Watkins, the lower court had been ordered to reduce the verdict by $5,000 as an alternative to reversal. Watkins stated the general rule to be that "where the judgment of a trial court is modified upon appeal and not reversed, the modification stands as of the date of the original judgment." 126 So. at 491. Therefore, plaintiff was entitled to interest from the date of the original judgment. Id. In reaching our decision in Goodpasture, we compared Watkins and concluded:
The only difference between the facts of Watkins, supra, and the case at bar is that the amount of the remittitur was determined and ordered by the appellate court, whereas as here we directed the trial court to determine the amount of the remittitur. We find that in either event the result is the same, that is, there is a modification of the original judgment as of its date. Therefore, the entry of a new judgment is not required. In either event interest accrues on the amount to which the judgment was ultimately reduced as of the date of the entry of the original judgment.
Goodpasture, 189 So.2d at 267.
Applying the above authorities to this case, the beneficiary argues that the appellate mandate here affirmed the April 20, *436 1990, judgment in all respects, including the entitlement to fees and the $125 hourly rate, as well as the denial of a contingency multiplier. She argues that the original award of fees was reversed and remanded solely to determine the reasonable number of hours expended for the excluded time period, leaving intact the original award of fees. Our remand, she contends, assigned a task indistinguishable from that in Goodpasture. Relying also on St. Cloud Utilities v. Moore, 355 So.2d 446 (Fla. 4th DCA 1978), she thus argues that these decisions entitle her to interest on the whole award of fees from the date of the original determination of fees.
We are not as certain as she that our previous decisions as to interest where remittiturs are concerned are so easily transferable to awards of attorney's fees. At the same time, however, we are considerably attracted by her earnest assertion that it is only logical that she be given interest on the whole fee from the first determination of the amount. In this regard, we are mightily influenced by the both the precise circumstances and the text of the particular statutory entitlement to fees.
At the original fees hearing, the insurer as the payor of fees persuaded the trial judge to limit the amount of the fees awarded to something less than what the law required. The basis for the fee award was section 627.428, Florida Statutes (1989), which provides:
(1) Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
* * * * * *
(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
Subsection (3) evinces a legislative intent that the fee for the entire case shall be made payable and accrue interest from the date of the judgment determining the entitlement to the policy benefits.
The purpose behind section 627.428 is plainly to place the insured or beneficiary in the place she would have been if the carrier had seasonably paid the claim or benefits without causing the payee to engage counsel and incur obligations for attorney's fees. As the court said in Insurance Co. of North America v. Lexow, 602 So.2d 528 (Fla. 1992):
Florida courts have consistently held that the purpose of section 627.428 and its predecessor is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.
602 So.2d at 531. To this the court later added:
INA's good faith in bringing this suit is irrelevant. If the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees.
Id.
But for the trial judge's error, urged upon him by this very insurer, the fee originally set would properly have encompassed the whole of the litigation and been payable from the date of the original judgment, exactly as the statute so obviously intended. We think it would be contrary to the legislative intent to deny this prevailing beneficiary interest on the entire attorney's fee award from at least the date that fees were first awarded and fixed. To do otherwise is to reward the insurer for successfully causing the wrongful postponement of the determination of the entire fee, when the purpose of the statute is to reward the successful insured or beneficiary with fees from the time that policy benefits are decided.
Our decision has some affinity with the supreme court's rationale in Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), a case admittedly dealing with *437 the accrual of prejudgment interest. There the court held:
Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no "finding of fact" needed. Thus, it is purely a ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict.
474 So.2d at 215. While we recognize and accept the notion that ordinarily attorney's fees awards do not necessarily carry with them an entitlement to prejudgment interest on the award, the peculiar circumstances of this case, as well as the precise text of this fee authorizing statute implicate  at least to us  a right to interest on the full fee award from the date that fees were first fixed.
Reversing, we direct the trial court to award interest on the entire amount of trial court fees. Once again we also grant the beneficiary's motion for appellate attorney's fees and direct trial court to determine a reasonable fee for this appeal.
REVERSED AND REMANDED WITH DIRECTIONS.
STONE, J., and WALDEN, JAMES H., Senior Judge, concur.