LAWRENCE, Judge.
We have for review an order granting summary judgment, and denying attorney’s fees. We reverse the denial of fees and affirm in all other respects.
Bettie Jean Olson died on May 11, 1990, while a passenger in a car insured by Government Employees Insurance Company (Geico). Olson’s estate, represented by counsel, filed a two-count complaint in October 1991, alleging that Geico owed unpaid benefits. At the time of filing the complaint, all benefits remained unpaid; a statute requires that benefits be paid within thirty days of reasonable proof of loss. The trial judge granted the estate’s motion for summary judgment, finding that Geico owed the estate the statutory benefits at issue. The judge also found that Geico timely paid the insurance benefits due; for this reason the judge denied the estate’s motion for an attorney’s fee.
We reverse the denial of an attorney’s fee, based on section 627.428(1), Florida Statutes (1991), which provides:
Attorney’s fee.—
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
(Emphasis added.) The language of this statute is plain on its face and requires that the estate receive an attorney’s fee for prevailing on count one of the instant suit. The Supreme Court, regarding this statute, moreover tells us:
We reject the argument that attorney’s fees should not be assessed against [the insurance company] because this dispute involved a type of claim which reasonably could be expected to be resolved by a court. [The insurer’s] good faith in bringing this suit is irrelevant. If the dispute is within the scope of section 627428 and the insurer loses, the insurer is always obligated for attorney’s fees.
Insurance Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992).
The instant dispute is within the scope of section 627.428. Olson died in May 1990; a claim was timely filed with Geico; suit was filed more than one year later on October 25, 1991. Count one of the complaint asked for a declaratory judgment requiring Geico to provide full coverage to Olson’s estate. Gei-co paid the benefits due on February 26, 1992. The trial judge rendered judgment against the insurer on count one of the estate’s complaint. The estate therefore is entitled to a fee on count one, according to the plain words of the statute.
The order under review thus must be reversed and remanded for the award of an attorney’s fee on the estate’s first count. We affirm in all other respects.
It is so ordered.
JOANOS and BENTON, JJ., concur.