661 So.2d 947 (1995)
UNITED AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Exanne ZULMA, Appellee.
No. 94-1740.
District Court of Appeal of Florida, Fourth District.
October 25, 1995.
*948 Beth M. Gordon of Parrillo, Weiss & O'Halloran, Miami, for appellant.
Robert C. Rogers, Jr. of Bohannon & Rogers, P.A., Fort Lauderdale, for appellee.
STEVENSON, Judge.
Appellant, United Automobile Insurance Company, cut off personal injury protection (PIP) benefits to appellee, Exanne Zulma, after she failed to attend two requested independent medical examinations (IMEs). Over one and a half years after suit was filed, the case was settled by United Automobile's tender of 100% of the PIP benefits demanded. United Automobile now challenges the trial court's award of attorney's fees made to Zulma. We affirm.
Zulma filed suit against United Automobile after PIP benefits were denied. During the course of the litigation, United Automobile discovered that Zulma had not attended the IMEs because the requests were made in English, and Zulma, a native Haitian, does not read, write, or speak English. Zulma's inability to understand English also created confusion in her communications with her own lawyer, causing him to believe that she had attended the IMEs. In fact, upon receiving the letter requests to attend the IMEs, Zulma believed that the insurer was asking her to schedule a visit with her own doctor, which she did. Thus, Zulma believed that she had complied with the insurer's request. During the course of the litigation, United Automobile learned the reason that Zulma had missed the scheduled IMEs, abandoned its defense of failure to comply with a condition precedent and settled the claim. Soon thereafter, the trial court awarded Zulma attorney's fees and costs for having to institute the lawsuit.
United Automobile does not dispute that Zulma is entitled to attorney's fees for the period following the discovery that she misunderstood the requests to attend the IMEs. However, United Automobile argues that because it was correct in initially denying Zulma coverage based upon her failure to attend the IMEs and thus comply with an important condition precedent to coverage under the insurance policy, she is not entitled to attorney's fees for that initial period. We disagree.
United Automobile admits that it settled the case because it did not wish to take Zulma's claim to a jury where it would have to prove that Zulma unreasonably refused to submit to an examination. In other words, rather than attempting to litigate its defense in the trial court below, United Automobile settled the claim and now attempts to litigate its defense on appeal. We conclude that once United Automobile settled the claim, Zulma was entitled to attorney's fees for the entire litigation period under section 627.428(1), Florida Statutes (1993).[1]
Zulma prevailed in her lawsuit when a settlement was reached between her and United Automobile. "When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured." Wollard v. Lloyd's & Cos. of Lloyd's, 439 So.2d 217, 218 (Fla. 1983). An insurer's good faith in bringing suit is not a factor. "If the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees." Insurance Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla. 1992).
*949 In the instant case, United Automobile, perhaps in good faith, defended against Zulma's suit on the theory that she had failed to comply with the terms of the insurance agreement. Although United Automobile could have continued to litigate the issue before a jury, it made the decision to settle the insurance claim after it determined that it would be difficult to prove that Zulma had unreasonably refused to submit to an IME. The case law clearly indicates, that if an insurance company settles a claim, the insured is entitled to attorney's fees pursuant to section 627.428. See Lexow; Clay v. Prudential Ins. Co. of Am., 617 So.2d 433, 436 (Fla. 4th DCA 1993) (the purpose of section 627.428 is to place the insured in the place she would have been had the insurer seasonably paid the claim or benefits without causing the insured to engage counsel and incur obligations for attorney's fees); Blizzard v. Government Employees Ins. Co., 654 So.2d 565 (Fla. 1st DCA 1995) (the plain language of section 627.428 requires that plaintiff be awarded attorney's fees when plaintiff prevails in the lawsuit). Accordingly, we cannot find that the trial court abused its discretion in awarding Zulma attorney's fees for the entire period of the litigation.
STONE, J., concurs.
DELL, J., dissents with opinion.
DELL, Judge, dissenting.
Here, appellee's attorney, under the erroneous belief that his client had attended the independent medical examinations, filed suit claiming that appellant had wrongfully denied PIP benefits. Appellant responded by moving for summary judgment on the grounds that appellee failed to meet a condition precedent to recovery under her policy when she did not attend the scheduled examinations. Appellee then filed the first of two affidavits in which she stated that she did not receive notice of the scheduled examinations. The trial court ultimately denied appellant's motion for summary judgment.
A few weeks later appellant filed a second affidavit recanting her earlier statement. In the second affidavit she stated that she did not speak, read or write English and thus could not read or understand the insurer's letters. She explained that a friend attempted to interpret the letters, but gave her the mistaken impression that she was to see her own treating physician. Appellant concluded, "I did not attend the two exams due to error, mistake, misunderstanding and inability to read English, and have never refused to attend an exam."
I agree with the majority that appellee has established her entitlement to attorney's fees. However, I respectfully dissent from the majority's view that she should recover the full amount of fees incurred and suggest that an award of fees should be limited to that period of time after she furnished the court and appellant with the true reason for her nonattendance at the IMEs. I do not believe that the legislature enacted section 627.428, Florida Statutes (1993), to compensate a claimant for time expended by her attorney litigating under an insurance contract when the litigation arises from the claimant's failure to comply with a condition precedent to coverage. The supreme court has succinctly articulated the purpose behind section 627.428, stating:
Florida courts have consistently held that the purpose of section 627.428 and its predecessor is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.
Insurance Co. N. Am. v. Lexow, 602 So.2d 528, 531 (Fla. 1992) (citations omitted); see also Clay v. Prudential Ins. Co. of Am., 617 So.2d 433 (Fla. 4th DCA 1993). This court has previously expressed its view that the intended effect of section 627.428 is to make financially whole a claimant who must resort to litigation after her carrier refuses to seasonably pay her claim. See Clay, 617 So.2d at 436. The cases relied upon by the majority all fall factually within the underlying rationale of section 627.428. The instant case, however, does not. Because appellee had not complied with a condition precedent to payment and had not communicated to appellant her excuse for not doing so, appellant did not fail to seasonably pay appellee's *950 claim. Thus, appellee should not be compensated for the attorney's fees incurred before she informed appellant of the actual reason for her nonattendance at the scheduled medical examinations. The instant award of fees rewards appellee's attorney with a windfall where it was his failure to accurately ascertain and communicate the true facts before filing the suit that caused the accumulation of attorney's fees. The statute exists to award fees to an insured who has been wrongfully caused to incur attorney's fees. Its unlimited application in this instance is inappropriate.
NOTES
[1] Section 627.428(1) provides:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.