355 So.2d 446 (1978)
ST. CLOUD UTILITIES, an Agency Board or Commission of the City of St. Cloud, Florida, a Municipal Corporation, Appellant,
v.
Erick S. MOORE, a Minor by and through His Natural Father and Legal Guardian, Jack H. Moore, Jack H. Moore, Individually, Arthur L. Cassel D/B/a Cassel's Garage, James M. Miller and David Milliron, Jointly and Severally, Appellees.
No. 77-351.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Rehearing Denied March 21, 1978.
*447 Janis M. Halker of Gurney, Gurney & Handley, P.A., Orlando, and Stephen Miles, Kissimmee, for appellant.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, and Nance, Cacciatore & Sisserson, Melbourne, for appellees Erick Moore and Jack H. Moore.
LETTS, Judge.
This appeal is from a trial judge's ruling that interest on a judgment modified by appellate decision commences from the date of the original jury verdict pursuant to Fla.App. Rule 3.15(a). We reverse.
This case comes to us for the second time. Previously, in reversing the trial judge, we held that the doctrine of comparative negligence does not alter the rule that joint tort feasors are each jointly and severally liable for all damages recoverable by a plaintiff. 337 So.2d 982, cert. den. 337 So.2d 809 (Fla. 1976).
Accordingly, we earlier remanded the case for the sole purpose of having the trial judge reapportion the damages which he did by way of an amended final judgment.
Apparently, after the original jury verdict, before the first appeal, the judge took several months to decide how to apportion the damages prior to entering the final judgment previously reversed.
As a result, there are three possible dates on which the interest was to commence accruing under Section 55.03 Florida Statutes (1975). They are:
1. The date of the original verdict.
2. Several months later on the occasion of the original final judgment being entered.
3. The date of the amended final judgment.
We commence by eliminating the third alternative. No further judicial labor was required and the act mandated was purely ministerial. Kulhanjian v. Moomjian, 105 So.2d 783 (Fla. 1958).
As to the two alternatives remaining, we are of the opinion that the interest should run from the date of the original judgment entered. The required mandate from this court was but a modification[1] of *448 an existing money judgment for the same amount by way of reapportionment among the several defendants. See Gilmore v. Morrison, 341 So.2d 779 (Fla. 4 DCA 1976).
The appellees argue that the controlling date should be that of the verdict in the light of Fla.App. Rule 3.15(a), which provides:
3.15(a). Issuance of Mandate. Unless the Court, by special order, shall otherwise direct, the clerk, upon the expiration of 15 days from the decision or order, shall issue such mandate or process as may be directed by the Court. When a judgment of reversal is entered which requires the entry of a money judgment on a verdict the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
We distinguish, because our previous reversal in this case did not require the entry of a money judgment for the simple reason that one for the exact same sum had already been entered[2] and, in effect, only a modification of that existing judgment was required.
In so holding we would comment that if the trial judge had originally correctly apportioned the damages, interest would most certainly only have commenced to accrue upon the entry of the original final judgment. It would be less than just to now punish the appellant for the judge's error.
REVERSED AND REMANDED IN ACCORDANCE WITH THIS OPINION.
CROSS and MOORE, JJ., concur.
NOTES
[1] We concede the wording in our opinion of reversal employs the word "reversed" and directs the entry of a new judgment. Nonetheless, we adopt the same explanation to be found in Smith v. Goodpasture, 189 So.2d 265, 267 (Fla. 4 DCA 1966): "... the mandate and the opinion taken together, although employing the word `reversed' amount to reversal only in respect to the amount of the award and amounts to an affirmance in all other respects. Thus, interest is allowed on the judgment as reduced from the original date of the judgment."
[2] Less credits for sums paid in the meantime.