616 So.2d 433 (1993)
Arthur GREEN, Petitioner,
v.
Denis RETY, Respondent.
No. 79600.
Supreme Court of Florida.
April 1, 1993.
*434 Ralph O. Anderson, Hicks, Anderson & Blum, P.A., Miami, for petitioner.
Lauri Waldman Ross, Maland & Ross, Miami, Lisa Bennett, Coral Gables, Hugo L. Black, Jr., Kelly, Black, Black, Byrne & Beasley, P.A., Miami, Neil Chonin, Chonin & Sher, P.A., Coral Gables, and Milton P. Shafran, Milton P. Shafran, P.A., Fort Lauderdale, for respondent.
KOGAN, Justice.
We have for review Rety v. Green, 595 So.2d 1036 (Fla. 3d DCA 1992), which certified the following question of great public importance:
Does Florida Rule of Appellate Procedure 9.340(c) apply where an appellate court-ordered remittitur requires entry of judgment in an amount less than the full amount of the jury's verdict?
Id. at 1038-39. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
On February 20, 1986, Rety obtained a libel verdict against Green, but the trial court sua sponte withheld judgment and entered an order of remittitur and an alternative order for a new trial on damages. When Rety refused to accept the remittitur, the trial court ordered a new trial on damages and Rety appealed. Rety v. Green, 546 So.2d 410, 417 (Fla. 3d DCA), review denied, 553 So.2d 1165, 1166 (Fla. 1989).
The Third District agreed that a remittitur was appropriate, but found that the *435 trial court's remittitur had been excessive. Id. at 421. The Third District decreased the amount to be remitted and directed the trial court to allow Rety a reasonable time within which to accept or reject it. Id. at 421-22. On remand Rety accepted the modified remittitur.
After acceptance, Rety contended that for purposes of post-verdict interest the judgment should be entered nunc pro tunc to the date of the original verdict, while Green argued that the final judgment should be dated when actually entered, and not as of any earlier date. The trial court disagreed with both positions and entered final judgment effective the date of the Third District's published opinion in the earlier appeal. Thus, the judgment was entered December 15, 1989, effective nunc pro tunc to February 14, 1989, the date of the appellate opinion.
Based on Rule of Appellate Procedure 9.340(c), the Third District again reversed. It held that entry of judgment on the reduced jury verdict should be considered effective as of the date of the verdict, with interest accruing from that date. Rety, 595 So.2d at 1038.
Florida Rule of Appellate Procedure 9.340(c) states:
When a judgment of reversal is entered which requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
Green argues that the appellate action here does not fall within the rule because it was not a "reversal" and did not absolutely require entry of a money judgment, and in any event, that the trial court's original refusal to enter judgment on the verdict prohibits application of the rule. We do not find these facts dispositive.
Here, the trial court clearly was reversed on the pertinent issue: the amount of remittitur. Moreover, the trial court had no discretion but to enter a money judgment once remittitur was accepted. Finally, the rule does not require that the trial court must have entered judgment in the original proceedings, but only that a verdict must have been returned. The date of the verdict controls under the rule. We find nothing in Atlantic Coast Line Railroad v. Watkins, 99 Fla. 395, 126 So. 489 (1930), to require a different result.
Accordingly, all interest will be computed from the date of the verdict. We answer the certified question in the affirmative and approve the decision of the district court.
It is so ordered.
BARKETT, C.J., and SHAW and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion, in which BARKETT, C.J., concurs.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
GRIMES, Justice, concurring.
Florida Rule of Appellate Procedure 9.340(c) was obviously designed to permit the plaintiff to recover interest from the date of the verdict when an appellate court determines that a trial court order setting aside the verdict was incorrectly entered. The language of the rule does not precisely apply here because there was no requirement to enter any judgment unless the plaintiff accepted the remittitur, and even then the amount of any judgment entered would be less than the verdict. However, the decision we affirm is consistent with the spirit of the rule because the net result permits the plaintiff to recover interest from the date of the verdict on the money he was entitled to recover in the first place.
BARKETT, C.J., concurs.
McDONALD, Justice, dissenting.
I agree with the dissent of Judge Baskin in the case under review and adopt it as my dissent to the majority opinion.
OVERTON, J., concurs.