PER CURIAM.
This is an appeal, and cross-appeal, from a final judgment after jury trial in a personal injury case arising from the rollover of a Ford Econoline van. We reject the claims of trial error in the appeal and cross-appeal. However, we conclude that the judgment amount must be reduced.
I.
We reject the claims of error in conducting the trial. With regard to Ford’s appeal, we conclude that the evidence of the van’s handling characteristics was properly admitted into evidence, given that Ford claimed the rollover was caused by driver error. See Sims v. Brown, 574 So.2d 131, 133 (Fla.1991). We also conclude that the rulings regarding closing argument, the requested special jury instruction, and the request to take a belated deposition bene esse were within the trial court’s discretion.
On the cross-appeal, the trial court was entirely correct in denying the plaintiffs’ motion for directed verdict on Ford’s seat belt defense.
II.
We find merit in two claims of error regarding calculation of damages. First, the jury found 50% negligence on the part of the minor plaintiff for failure to wear her seat belt. Ford argues that the damages for loss of companionship awarded to each parent must be reduced by 50%. See Y.H. Invs., Inc. v. Godales, 690 So.2d 1273, 1277 (Fla.1997). The plaintiffs do not dispute this point. The verdicts for the parents must be reduced accordingly.
Second, Ford argues that the trial court erred by awarding post-verdict prejudgment interest. The award covered the thirty-two-day period between the announcement of the verdict and the entry of the final judgment. Ford’s point is well taken.
Although the trial court did not have the benefit of it at the time, the Florida Supreme Court subsequently ruled that “interest is not recoverable until judgment is entered.” Amerace Corp. v. Stallings, 823 So.2d 110, 111 (Fla.2002). Thus, interest should not have been awarded for the period after the verdict was announced, but before the judgment was entered.
The plaintiffs argue that Amerace creates an exception if there is delay occasioned by the defendants, such as by filing post-verdict motions. We disagree. In *833 Amerace itself there was a five-month delay between verdict and the initial final judgment, and a six month delay between verdict and entry of the amended final judgment. Id. at 112. As we read Ame-race, it establishes a black letter rule that interest is not awardable prior to entry of judgment.
The plaintiffs point to a discussion in Amerace of the case of Green v. Rety, 616 So.2d 433 (Fla.1993). The plaintiffs misapprehend that discussion. As the Amerace court explained, the Green case involved Florida Rule of Appellate Procedure 9.340(c). That rule states, “If a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.” That exception has no application here.
The Amerace decision establishes the general rule that interest is not awardable for the period after the verdict but before the judgment. 823 So.2d at 111. The only exception would be in those cases in which there is an appellate reversal involving rule 9.340(c). That exception is not involved in this case. Thus, the prejudgment interest amount must be eliminated.
III.
For the stated reasons, we conclude that the court’s rulings during the trial of the case were within its discretion. We remand, however, for correction of the judgment amounts.
Affirmed in part, reversed in part, and remanded for correction of judgment.