HAZOURI, J.
On July 3, 1991, Robert and Connie McGee, their two children, and another family member were involved in a tragic car accident. The vehicle they were driving in, an Oldsmobile Cutlass Cruiser station wagon, was struck by a pick-up truck operated by Curtis Cayton. The collision, described as a “tap” and “not an impact situation” pierced the station wagon’s gas tank, causing the tank to leak fuel, ignite, and explode. The entire family suffered severe burns and one of the children, Shane McGee, died as a result of the burns. The recovery period for the rest of the family was extremely painful and traumatic.
The McGees settled their case with the driver of the pick-up truck. They then pursued a claim against General Motors Corporation (General Motors) based on theories of negligence and products liability. A jury trial was held.' The testimony at trial described the horror of the accident and its aftermath. In addition, there was extensive testimony regarding the defect in the station wagon manufactured by General Motors. On May 18, 1998, the jury found that there was negligence on the part of General Motors and awarded the McGees compensatory damages of $60,000,000. Pursuant to the verdict form, the jury allocated 55% of the fault to General Motors and 45% of the fault to Cay-ton, a non-party. A Judgment was entered' against General Motors in -the amount .of $33,000,000.
General Motors appealed the Final Judgment to this court and the McGees cross-appealed. This court affirmed the amount of the verdict and affirmed in all respects as to the issues raised by General Motors. However, this court found merit in the issue raised by the McGees in their cross-appeal. See Gen. Motors Corp. v. McGee, 837 So.2d 1010 (Fla. 4th DCA 2002), as modified on clarification (Mar. 5, 2003), review denied 851 So.2d 728 (Fla.2003). This court determined that the trial court should not have reduced the jury’s award based on the comparative fault assigned to Cayton. This determination was based on a finding that the recent holding in D’Amario v. Ford Motor Co., 806 So.2d 424 (Fla.2001), was controlling.[1]
This court issued a mandate to the trial court to conduct further proceedings in accordance with our opinion. Prior to the entry of the Amended. Final Judgment, General Motors argued , to the trial court that it should not be required to pay interest on the portion of the verdict that had originally been attributed to Cayton (45% or $27,000,000) from the date of the verdict. Instead, General Motors argued that interest should only begin to run from the date that the D’Amario decision became final, January 22, 2002. The trial court disagreed and on May 6, 2003, the trial court entered an' Amended Final Judgment against Géneral Motors for the total jury verdict of $60,000,000 along with interest from the date of the verdict, May 18, 1998.[2] We agree with the trial court and affirm.
*1246 An award of interest from the date of the verdict was entered in accordance with Florida Rule of Appellate Procedure 9.340(c) which states:
If a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
This rule provides an exception to the general rule that interest is not awardable for the period after the verdict but before the judgment. See Ford Motor Co. v. Jimenez, 28 Fla. L. Weekly D1872, — So.2d -, 2003 WL 21919264 (Fla. 3d DCA Aug.13, 2003).
General Motors acknowledges that rule 9.340(c) provides for the award of interest in the instant case, but argues that the award is inequitable due to the circumstances in the instant case. General Motors argues that requiring it to pay interest on the entire amount is inequitable because, prior to the Florida Supreme Court’s decision in D’Amario, apportionment of fault and liability in crashworthiness eases was appropriate under Florida law. Therefore, at the time the original judgment was entered, the apportionment of fault was appropriate and remained appropriate until the supreme court issued its opinion in D'Amario.
General Motors cites no case law in Florida to support this proposition and we decline to read this exception into rule 9.340(c).
AFFIRMED.
STONE and GROSS, JJ., concur.

. In D 'Amano, the Florida Supreme Court held that principles of comparative fault involving the causes of the first collision do not generally apply in crashworthiness cases. See D’Amario, 806 So.2d at 441.

. The interest rate percentage has not yet been ruled on by the trial court.