MAY, J.
The defendant appeals an award of interest on a judgment resulting from multiple trials and appeals. It argues that the trial court erred in fixing the date and rate of interest as of the date of the ultimate verdict. We disagree and affirm.
The action arose from an automobile accident resulting in the death of a young girl in 1991. This court affirmed the defense verdict, but remanded the case for a new trial on the estate’s claim of strict liability failure to warn. Ferayorni v. Hyundai Motor Co., 711 So.2d 1167 (Fla. 4th DCA 1998). The second trial resulted in a $6.5 million jury verdict for the estate on November 6, 1999. Five days later, plaintiffs counsel submitted a judgment, which the court entered on November 11, 1999. The trial court then entered a remittitur of $3 million. The plaintiff did not accept the remittitur and appealed from an order granting a new trial on damages.
In Hyundai Motor Co. v. Ferayorni, 795 So.2d 126 (Fla. 4th DCA 2001), this court reversed and remanded the case for a new trial related to a Frye[1] issue and certified conflict. The supreme court quashed this court’s decision and remanded the case for reconsideration. Ferayorni v. Hyundai Motor Co., 822 So.2d 502 (Fla.2002).
On remand, this court again reversed, but subsequently withdrew its opinion, affirmed on liability, but reversed the remittitur. Hyundai Motor Co. v. Ferayorni, 842 So.2d 905 (Fla. 4th DCA 2003). The *682 defendant petitioned the supreme court, which declined jurisdiction.
The plaintiff then moved for entry of a final judgment. The plaintiff argued that interest should begin running from the date and at rate existing at the time of the jury’s verdict in 1999. The defendant argued that the plaintiff was not entitled to post-verdict, prejudgment interest in light of Amerace Corp. v. Stallings, 823 So.2d 110 (Fla.2002).
On June 23, 2003, the trial court entered a new final judgment and ordered interest to be paid at a rate of 10% from the date of the 1999 jury verdict. The defendant argues here that the supreme court’s recent pronouncement in Amerace dictates a reversal of the judgment as it relates to interest. It suggests that the opinion cannot be reconciled with Florida Rule of Appellate Procedure 9.340(c). We disagree.
We read Amerace more narrowly than the defendant. It appears to have carved out an exception to Florida Rule of Appellate Procedure 9.340. The rule provides: “If a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.” Fla. R.App. P. 9.340(c). While the Amerace court held that interest was not recoverable until the judgment was entered, it did so without expressly overruling Green v. Rety, 616 So.2d 433 (Fla.1993) (adhering to the principle enunciated in rule 9.340 that interest runs from the date of the verdict).
In Amerace, the supreme court framed the issue as whether the plaintiff should be entitled to recover post-verdict interest in a personal injury action from the time period between a jury verdict and a final judgment. The court answered the question in the negative. But it was the facts of the case that illuminated the court’s decision. They revealed that it was the plaintiffs failure to timely request entry of a judgment that caused the delay in its entry. The court decided that the plaintiff should not be allowed to prosper from the delay caused by its own making by asking for interest to run from the date of the verdict. See Amerace, 823 So.2d at 114.
Green has long upheld the rule of appellate procedure requiring interest to be computed from the date of the verdict. See Green, 616 So.2d at 435. By declining to overrule Green, the supreme court has kept its stamp of approval on rule 9.340 in place, while acknowledging that interest will run from the date of the judgment if the delay is caused by a plaintiff failing to request entry of a judgment. We likewise do the same.
In this case, the plaintiff requested and obtained a final judgment five days following the verdict. The delay in entering the ultimate final judgment was not caused by the plaintiff, but by the length of the appellate process itself. Thus, the rule of appellate procedure, providing that interest be computed from the date of the verdict, prevails. Fla. R.App. P. 9.340(c). The judgment is affirmed.
AFFIRMED.
GUNTHER and TAYLOR, JJ., concur.

. Frye v. United States, 293 F. 1013 (D.C.Cir.1923).