EDWARDS, J.
In entering the amended final judgment in the underlying wrongful death action, the trial court determined that when the amount of the judgment is modified on appeal, Florida Rule of Appellate Procedure 9.340(c) requires post-trial interest to accrue from the date of the verdict, rather than from the date of the original judgment. For the reasons discussed below, we disagree and reverse.
On October 11, 2011, a jury rendered a verdict of $7,509,510 in the underlying medical malpractice action, finding Dr. James R. Shoemaker[1] (“Appellant”) forty percent at fault for Stephen Sliger’s death. Appellant and his co-defendants filed a motion to limit non-economic damages pursuant to section 766.118(2), Florida Statutes (2011). The motion argued that, pursuant to section 766.118, the noneconomic damages in this case should be limited to a total of $500,000. Sonia Sliger, as Personal Representative for Stephen Sliger’s Estate (“Appellee”), filed a response to that motion in which she alleged that “[sjection 766.118’s damage caps violate several provisions of the Florida and U.S. constitutions and cannot be enforced.”
On February 29, 2012, after a series of hearings on the post-trial motions, the trial court entered a final judgment against Appellant in the amount of $1,386,260, representing Appellant’s portion of fault in the medical malpractice action and applying section 766.118’s cap on the noneconomic damages.
After the final judgment was rendered, both parties appealed to this Court, with Appellee challenging the trial court’s reduction of the noneconomic damages. This Court issued a per curiam affirmance in November 2013. See Shoemaker v. Sliger, 127 So.3d 525 (Fla. 5th DCA 2013) (unpublished table decision). In March 2014, the Florida Supreme Court decided Estate of McCall v. United States, 134 So.3d 894 (Fla.2014). In McCall, the supreme court held that “section 766.118 violates the Equal Protection Clause of the Florida Constitution under the rational basis test.” 134 So.3d at 901. Thus, the court determined that the “statutory cap on wrongful death noneconomic damages fails because it imposes unfair and illogical burdens on injured parties when an act of medical negligence gives rise to multiple claimants.” Id. at 901.
In May 2014, following the McCall decision, this Court withdrew its prior opinion and “reverse[d] that part of the judgment under review that reduced the award of wrongful death non-economic damages to Sliger pursuant, to section 766.118.” Shoe *865 maker v. Sliger, 141 So.3d 1225, 1225 (Fla. 5th DCA 2014). The Court then “remand[ed]' the case to the trial court to enter an amended judgment in accordance with the jury verdict without any reduction under section 766.118” and affirmed “as to all other issues raised by the parties.” Id.
Appellee then moved the trial court for entry of an amended final judgment without the section 766.118 reduction. Attached to Appellee’s motion was a proposed amended final judgment that contained a paragraph awarding Appellee interest from the date of the jury verdict, October 11, 2011. Appellant filed a response in opposition contending that the amended final judgment proposed by Ap-pellee was incorrect, and asserting that Appellee was entitled to interest on the entire amount from the date of the original judgment, but was not entitled to post-verdict, pre-judgment interest. The trial court entered an amended final judgment on remand, awarding Appellee interest from the date of the jury verdict. Appellant timely appealed the amended final judgment.
Ordinarily, • interest on a money judgment in a tortease begins to accrue on the date that the trial court enters the judgment fixing the amount of the monetary award. See Amerace Corp. v. Stallings, 823 So.2d 110, 112 (Fla.2002); see also § 55.03, Fla. Stat. (2014). On the other hand, when a jury trial concludes without the entry of a money judgment, and an appeal is taken that results in- the appellate court reversing and remanding for entry of a money judgment, rule 9.340(c) sets the post-trial interest accrual date as the date of the verdict. The rule states:
If a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
Fla. R.App. P. 9.340(c); But for the rule, in a case where a money judgment was not entered below, interest would only begin to accrue after the court of appeal ruled, after the appellate motions for rehearing were resolved, after the mandate issued, and once the judgment for money damages was finally entered, regardless1 of how many months intervened between the verdict and entry of the money judgment. Delaying interest in that fashion would financially punish the successful appellant by depriving post-trial interest for a considerable time. The rule avoids this unfair result.'
However, where the trial court originally entered a money judgment and only the amount of the award is modified after an appeal,, there is no logical reason to employ the rule. .Under those circumstances, there is already a starting point for the accrual of interest, namely the date on which the original judgment was entered. Amerace, 823 So.2d 110. The rule, by its plain language, applies only when the reversal calls for entry of .a money judgment; it does not address,.and therefore does not apply, where the mandate requires entry- of an amended final judgment that only changes the amount of the monetary award.
In Amerace, the jury found the defendant sixty percent' at fault for the plaintiffs’ personal injury and awarded them $1 million. 823 So.2d at 111. The trial court subsequently ordered a remittitur of the amount awarded for medical bills. Id. at 112. Plaintiffs accepted the remittitur and the trial court entered final judgment approximately five months after the jury’s verdict. Id. The trial court also denied the plaintiffs’ request for interest between the vérdict date and the final judgment date Id. On appeal, the Second District Court of *866 Appeal “affirm[ed] the final judgment in all respects except the issue of prejudgment interest.” Id. (alteration in original). The Florida Supreme Court quashed the Second District’s decision and held that “the trial court properly denied the plaintiffs’ request for interest between the verdict date and the final judgment date.” Id. at 114.
In reaching this conclusion, the supreme court discussed Green v. Rety, 616 So.2d 433 (Fla.1993), in which the trial court “sua sponte withheld judgment and entered an order of remittitur, and an alternative order for a new .trial on damages.” Amenace, 823 So.2d at. 113. On appeal, the Third District Court of Appeal “decreased the amount to be remitted” and provided plaintiff “with a reasonable time within which to 'accept or reject it.” Id. Once the remittitur was accepted, the trial" court entered á final judgment and awarded post-trial interest from the date of the verdict. On appeal, the Third District certified the question to the Florida Supreme Court which held that “pursuant to [rule 9.340(c) ], the date of the verdict controls and all interest should be computed from the date of the verdict:” Id. (citing Green, 616 So.2d at 436) (footnote omitted). The Amerace court distinguished Green by finding that “[t]he controversy in Green arose because the trial court originally withheld judgment [and since] the appellate .process, can last several months or even, years, rule 9.340(c) provides that, in cases such as Green, interest should be computed from the date- of the verdict.” Id. The. court further reasoned that “[fin contrast to Green, judgment, was entered in the.present case” and, thus, plaintiffs were not entitled to post-verdict, pre-judg: ment interest. Id. at 113-14. Similarly, here, the trial court entered a final money judgment prior to the first appeal. .
We acknowledge* that the Fourth District-Court of Appeal reached a different conclusion in Hyundai v. Ferayorni, 876 So.2d 680 (Fla. 4th DCA 2004). Ferayorni, a products liability case, resulted in a $6.5 million dollar verdict for plaintiff, with a judgment entered shortly after the trial. 876 So.2d at 681. The trial court ordered a $3 million dollar remittitur. Id.. On appeal, the Fourth District affirmed on liability, reversed as to the remittitur, and ordered the trial court to re-enter the $6.5 million dollar judgment. Id. at 682. We disagree with our sister court’s conclusion that rule 9.340(c) applies to all post-appeal amended money judgments. Indeed, in Amerace, the Florida Supreme Court held that the rule applies in cases, such as Green, where no money judgment was entered below. 823 So.2d at 113." We submit that neither Ferayomi nor the instant case is like Green.
We note that the Ferayomi opinion does not mention an earlier Fourth District opinion, St. Cloud Utilities v. Moore, 355 So.2d 446 (Fla. 4th DCA 1978), where it reached a contrary result when considering Florida Rule of Appellate Procedure 3.15(a), the similarly-worded predecessor to rule 9.340(c). In Moore, the Fourth District held that the trial court erred in apportioning damages among the defendants based on each defendant’s comparative fault and remanded for the trial court to enter judgment against all defendants, jointly and severally. 355 So.2d at 447. On remand, the trial court entered the amended judgment pursuant to the mandate and determined that pursuant to rule 3.15(a), the interest would accrue from the date of the jury verdict. Id.
• The Fourth District reversed, finding "that rule 3.15(a) did not apply, “because our previous reversal in this case did not require the entry of a money judgment for the simple reason that one for the exact same sum had already been entered and, in effect, only a modification of that existing judgment was required.” Id. at 448. *867 The court noted that although in its first opinion it used the word “reversed” and mandated the entry of a “new judgment,” the case was.remanded only for entry of an .amended money judgment to replace the original money judgment. Id. at 447 n. 1. Thus, Moore determined' that rule 3.15(a) was inapplicable and commented that employing the rule , to create an earlier starting date for the accrual of interest would unjustly punish the defendants. Id. at 448.
The position urged by Appellee in the instant case would likewise unjustly punish Appellant. We will apply the rule as written; therefore, we decline to .adopt an illogical, unjust interpretation of rule 9.340(c). We disagree with the Fourth District’s Femyomi opinion, but agree with its previous opinion in Moore, .
Accordingly, we reverse the amended final judgment and remand for entry of an amended money judgment that awards post-trial interest from the date of the original judgment, rather than from the date of the verdict.
REVERSED AND REMANDED.
EVANDER, J., and PLEUS, ROBERT J., JR,, Senior Judge, concur.

. Ormond Medical Arts Family Practice, PL was a co-defendant, below, and is an appellant here. Appellant refers to both appellants as Dr. Shoemaker, as will we.