# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1305
_____

HEARTLAND EXPRESS, INC. OF
IOWA, a foreign corporation,

    Appellant,

    v.

MARK FARBER, as limited
guardian of the property of Juan
Torres,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Karen Cole, Judge.

December 18, 2018

WINOKUR, J.

Heartland Express, Inc. of Iowa (Heartland) challenges the trial court's order finding that post-judgment interest began to accrue on the date of its original Final Judgment rather than when it issued an Amended Final Judgment. We agree with the trial court and affirm the ruling below.

I.

Juan Torres sought damages for injuries suffered as a result of a highway collision in Alabama involving an employee of Heartland. Both parties stipulated to the transfer of the case to

Duval County, Florida, and to the application of Alabama substantive law.[1] The trial court later substituted Mark Farber, as limited guardian of the property of Torres, as party plaintiff due to Torres' incapacitation.

The case proceeded to trial on the issues of proximate cause, compensatory damages, wantonness on the part of Heartland's employee, and punitive damages based on the employee's alleged wantonness. After a twelve-day trial, the jury found that Heartland's negligence was the proximate cause of Torres' injuries and awarded compensatory damages in the amount of $888,417.57. The jury, however, did not find that the employee's conduct was wanton and, as a result, made no finding as to punitive damages.

Farber then moved for new trial on the issue of wantonness and punitive damages. The trial court granted Farber's motion, and in December 2014 entered a Final Judgment in the amount of $888,417.57.

Heartland appealed both the trial court's order granting a new trial and the Final Judgment. This Court found that Farber was "not entitled to a new trial on the issues of wantonness and punitive damages" and reversed the new-trial order. *Heartland Express, Inc. of Iowa v. Farber*, 230 So. 3d 146, 151 (Fla. 1st DCA 2017). The case was remanded to the trial court "for the reinstatement of the jury's verdict on the issue of wantonness." *Id.* at 153.

Both parties agreed that a new entry of final judgment was needed in light of the appellate decision, but Farber argued that he was entitled to post-judgment interest running from the entry of the December 2014 Final Judgment. Heartland argued that

---

[1] Florida law provides that post-judgment interest runs from the date of judgment. § 55.03(3), Fla. Stat.; *Amerace Corp. v. Stallings*, 823 So. 2d 110 (Fla. 2002). Because neither party claimed that Alabama law controls the computation of post-judgment interest, we do not consider the issue.

Farber was only entitled to post-judgment interest from the entry of an amended final judgment after remand.

In February 2018, the trial court ruled that this Court's remand "d[id] not affect or alter the underlying Final Judgment entered by this Court on December 23, 2014." Therefore, the court found that the post-judgment interest would accrue from the date of the December 2014 Final Judgment. Accordingly, the trial court entered an Amended Final Judgment finding that Farber was entitled to collect $888,417.57 from Heartland "with post-judgment interest at the statutory rate of interest running from December 23, 2014, for which sum let execution issue."

## II.

A trial court's ruling regarding judgment interest is subject to *de novo* review. *R.J. Reynolds Tobacco Co. v. Evers*, 232 So. 3d 457, 465 (Fla. 2d DCA 2017). Florida law provides that interest on a money judgment begins to accrue on the date the judgment is obtained. § 55.03(3), Fla. Stat.

## III.

Heartland argues that Farber is only entitled to post-judgment interest from the date of the trial court's entry of its Amended Final Judgment. Heartland's argument hinges on its assertion that the order granting Farber's motion for new trial had the effect of vacating the December 2014 Final Judgment and, thus, rendering it a non-final order.

Heartland primarily relies on two cases for the proposition that an order granting new trial renders a final judgment a non-final order. In the first case, the Florida Supreme Court held that the granting of a motion for a new trial "ha[s] the effect of vacating any final judgment theretofore entered and completely revitaliz[es] the entire cause for further proceedings in the form of a new trial." *Atl. Coast Line R.R. Co. v. Boone*, 85 So. 2d 834, 840 (Fla. 1956). In the second case, this Court held that "when a new trial is granted on less than all issues in the case, the order which either expressly or impliedly withdraws from jury consideration on a retrial of the cause a part of the issues is in

the nature of a partial summary judgment." *Johnson v. City of Pensacola*, 164 So. 2d 844, 845 (Fla. 1st DCA 1964). *Boone* does not apply in this case because the trial court in *Boone* granted a new trial as to the entire verdict. 85 So. 2d at 838. As for *Johnson*, the trial court "specifically vacated and set aside" the jury verdict even though a new trial was only granted on the issue of damages. 164 So. 2d at 845.

In this case, the trial court took no comparable action. In its order granting new trial, the court specifically stated that the new trial was solely on the issue of wantonness and punitive damages. Additionally, the order did not vacate or set aside the jury verdict as to compensatory damages. In short, whether a final judgment is rendered a non-final order depends not just on the entry of an order for a new trial, but rather whether the order expressly or implicitly vacates and sets aside the final judgment.

The trial court's order granting a new trial here only addressed the issue of wantonness and punitive damages and left the awarded compensatory damages intact. Furthermore, this Court remanded the case solely "for the reinstatement of the jury's verdict *on the issue of wantonness*." *Farber*, 230 So. 3d at 153 (emphasis added). Such a statement necessarily implies that the Final Judgment's award of compensatory damages was not vacated by the granting of the new trial. Accordingly, the December 2014 Final Judgment is a judgment for purposes of section 55.03(3), Florida Statutes (providing for post-judgment interest).

More importantly, both *Boone* and *Johnson* dealt with the effect of an order for new trial on a party's right to seek appellate review from a final judgment. On appeal, the final judgments were seen as interlocutory orders due to the entry of an order for a new trial and, as a result, there was no right to seek appellate review.[2] As a result, these cases did not reach the issue in this

---

[2] *See Johnson*, 164 So. 2d at 847 (dismissing appellee's cross-appeal because the order granting a new trial rendered the final judgment a "partial summary judgment [and] no appeal may be taken from a partial summary judgment entered in a law action"); *Boone*, 85 So. 2d at 839 (noting that "where a new trial

4

case: the proper starting point of the administrative calculation of post-judgment interest.

In *Haskell v. Forest Land & Timber Co., Inc.*, this Court recognized the general rule that interest on a judgment runs from the date that the judgment is entered. 426 So. 2d 1251, 1253 (Fla. 1st DCA 1983). This Court also reiterated that "[t]he general rule regarding the commencement of interest does not apply where a trial court judgment is overturned by an appellate court on grounds that it was improper or excessive." *Id*. at 1253-54.

The Fourth District addressed this issue in S*t. Cloud Utilities v. Moore*, 355 So. 2d 446 (Fla. 4th DCA 1978). In *Moore*, an earlier appeal resulted in the court "remand[ing] the case for the sole purpose of having the trial judge reapportion the damages which he did by way of an amended final judgment." *Id*. at 447. The trial court subsequently ruled that "interest on a judgment modified by appellate decision commences from the date of the original jury verdict." *Id*. Back on appeal, the Fourth District reversed the trial court and held that "the interest should run from the date of the original judgment entered" reasoning that "[n]o further judicial labor was required and the act mandated was purely ministerial." *Id*.

In other words, if an appellate court leaves an underlying final judgment intact then interest begins to accrue from the date of the final judgment even if the trial court on remand entered an

---

has been granted and the entire case is re-opened, there is no order from which an appeal can be taken"). It should be noted that both *Boone* and *Johnson* were overruled on this issue. *Bowen v. Willard*, 340 So. 2d 110, 112 (Fla. 1976) (holding that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible, and that the appellate courts have the authority to deal with other appealable issues"). *Bowen* has been codified in Florida Rule of Appellate Procedure 9.110(h). This holding of *Bowen*, however, does not affect our analysis in this case.

amended final judgment. In this case, the December 2014 Final Judgment was not overturned on appeal for being improper or excessive. Additionally, this Court did not modify the compensatory damages awarded. This Court simply reversed the trial court's granting of a new trial and "affirm[ed] the final judgment without further comment." *Farber*, 230 So. 3d at 148. Accordingly, no further judicial labor was required and the subsequent Amended Final Judgment constitutes a purely ministerial act. Therefore, post-judgment interest began to accrue when the trial court issued its initial Final Judgment.

IV.

In conclusion, Farber obtained a Final Judgment on compensatory damages that was affirmed on appeal where this Court only reversed the order granting a new trial on the discrete issue of wantonness and punitive damages. The trial court's subsequent Amended Final Judgment simply affirmed this Court's mandate and reinstated the jury's original finding as it related to punitive damages. As a result, the trial court correctly concluded that post-judgment interest began to accrue when it issued its December 2014 Final Judgment.

AFFIRMED.

LEWIS and WETHERELL, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

James H. Wyman of Hinshaw & Culbertson, LLP, Coral Gables, for Appellant.

Dennis R. Schutt and Jeffrey D. Devonchik of Schutt, Schmidt & Noey, Jacksonville, for Appellee.

6