# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROB ALEXANDER, M.D., ANESCO NORTH BROWARD, LLC** and
**EDWARD PUNZALAN, CRNA,**
Appellants,

v.

**SUSAN KALITAN, BARRY UNIVERSITY, INC., ELEIDY MIEDES, SRNA**
and **NORTH BROWARD HOSPITAL DISTRICT** d/b/a **BROWARD
GENERAL MEDICAL CENTER,**
Appellees.

No. 4D17-2716

[January 9, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 08-029706 (19).

Dinah Stein and Mark Hicks of Hicks, Porter, Ebenfeld & Stein, P.A., Miami; and Robert J. Cousins and Scott C. Sankey of Quintairos, Prieto, Wood & Boyer, P.A., Fort Lauderdale, for appellants.

Philip M. Burlington and Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach; and Scott Schlesinger of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellee Susan Kalitan.

CIKLIN, J.

This matter is before us for a second time.

Generally speaking, interest on a money judgment in a tort case runs from the date of the judgment. But a rule of appellate procedure provides an exception when a reversal on appeal requires the entry of a money judgment, in which case, interest runs from the date of the verdict. The parties dispute whether this rule applies in the instant case. Because this court's previous reversal required *modification* of an existing money judgment as opposed to *initial* entry of a money judgment, we agree with the appellants that the rule does not apply and we reverse.

The appellee, Susan Kalitan ("the plaintiff"), sued the appellants ("the defendants") for medical malpractice and won a sizable jury award, but the trial court reduced it based on a statute capping noneconomic damages in such cases. Consistent with Florida law the trial court imposed post-judgment interest from the date of the final judgment at a rate of 4.75 percent, per anum.

On appeal, we found that the statute limiting noneconomic damages in medical malpractice cases was unconstitutional and we reversed. *See N. Broward Hosp. Dist. v. Kalitan*, 174 So. 3d 403, 413 (Fla. 4th DCA 2015). We gave the trial court the following instructions:

> The trial court is directed to reinstate the total damages award as found by the jury, though these damages may still be limited by the doctrine of sovereign immunity. Also, in the corrected final judgment, the University is not to be held liable for the damages attributable to the Nurse. As no challenge was raised as to liability in any other context, nor was a challenge raised regarding Plaintiff's economic damages award, those portions of the final judgment are affirmed.

*Id.* at 413-14.

On remand, the plaintiff moved for entry of an amended final judgment and requested interest to accrue from the date of the verdict citing rule 9.340(c), Florida Rules of Appellate Procedure, which requires interest to run from the date of the verdict when a reversal on appeal requires the entry of a money judgment. In response, the defendants asserted that the rule did not apply, as a money judgment had already been entered prior to the appeal, and thus the reversal did not result in entry of a money judgment but merely modification of a previously entered money judgment.

The trial court was persuaded by the plaintiff's argument and ruled that interest would accrue from the date of the verdict. As support, the trial court cited *Hyundai Motor Co. v. Ferayorni*, 876 So. 2d 680 (Fla. 4th DCA 2004), which the trial court believed to be "right on point." Additionally, the trial court modified the previously entered final judgment so that the interest rate in effect at the time of the verdict, a fixed 6 percent rate, would apply rather than the 4.75 percent rate

applied in the original judgment.[1]

On appeal, the defendants argue that rule 9.340(c) is not applicable when a money judgment is partially affirmed on appeal and remanded only for modification of the damage award. The defendants also argue that the trial court violated their vested right to the lower 4.75 percent interest rate imposed in the original judgment. The plaintiff responds that the trial court correctly found that the appellate rule applied based on opinions interpreting the rule. We "review de novo a trial court's decision regarding judgment interest." *R.J. Reynolds Tobacco Co. v. Evers*, 232 So. 3d 457, 465 (Fla. 2d DCA 2017).

Our analysis begins with section 55.03(2), Florida Statutes (2008), which governs interest on judgments and provides in pertinent part that "[t]he rate of interest stated in the judgment accrues on the judgment until it is paid." § 55.03(2), Fla. Stat. Section 55.03(3) provides that "[t]he interest rate established at the time a judgment is obtained shall remain the same until the judgment is paid." Our courts have cited to section 55.03 in recognizing that generally, interest accrues from the date judgment is entered. *See Amerace Corp. v. Stallings*, 823 So. 2d 110, 114 (Fla. 2002) (finding the plaintiffs were not entitled to interest from the date of the verdict, and observing that "the plain language of section 55.03 . . . specifically provides that interest does not accrue until the date of the *judgment*, not verdict") (emphasis in original); *Evers*, 232 So. 3d at 465 ("Generally, interest on a money judgment begins accruing on the date of judgment."); *Shoemaker v. Sliger*, 187 So. 3d 863, 865 (Fla. 5th DCA 2016) ("Ordinarily, interest on a money judgment in a tort case begins to accrue on the date that the trial court enters the judgment fixing the amount of the monetary award.").

However, appellate rule 9.340(c) provides an exception to the rule:

> **Entry of Money Judgment.** If a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.

In *Green v. Rety*, 616 So. 2d 433, 434 (Fla. 1993), the Florida Supreme Court addressed application of the rule in a case where the trial

---

[1] At the time of the verdict, June 2011, a non-variable interest rate applied pursuant to section 55.03(3), Florida Statutes (2011). But the statute was amended, and effective July 1, 2011, a variable interest rate applied. *See* Ch. 2011-169, § 1, Laws of Fla. (2011).

court withheld judgment and ultimately ordered a new trial after the plaintiff declined a remittitur. The Florida Supreme Court recognized that the rule applied where the appellate court reversed the trial court and on remand the trial court had no discretion but to enter a money judgment. *Id.* at 435.

Years later, in *Amerace Corp.*, 823 So. 2d at 113, the Florida Supreme Court addressed the interplay between rule 9.340(c) and the general rule that interest runs from the date of the judgment. Because of post-trial matters, judgment in the *Amerace* case was entered many months after the verdict was returned, and the plaintiffs sought to have interest run from the date of the verdict. *Id.* at 111-12. The trial court rejected the plaintiffs' request for interest between the verdict and entry of the judgment. *Id.* at 112. The Second District reversed on the interest issue. *Id.* On appeal, the supreme court held that the plaintiffs were not entitled to post-verdict, pre-judgment interest. *Id.* at 114. The court reasoned that with the exception of *Green,* the court had never permitted post-verdict, pre-judgment interest. *Id.* at 113. The court distinguished *Green*: "The controversy in *Green* arose because the trial court originally withheld judgment. Since the appellate process can last several months or even years, rule 9.340(c) provides that, in cases such as *Green,* interest should be computed from the date of the verdict." *Id.*

The *Amerace* court also noted that the trial court stated that it would have entered a judgment sooner after verdict if the plaintiffs had requested the court to do so, and it opined that "the proper procedure in this case would have been to request that the court enter a judgment promptly after the verdict." *Id.* at 113-14. The court asserted that its holding was "further bolstered by the plain language of section 55.03, Florida Statutes . . . which specifically provides that interest does not accrue until the date of the *judgment,* not verdict." *Id.* at 114 (emphasis in original).

Consistent with *Green* and *Amerace,* our courts have held that appellate rule 9.340(c) does not apply under the circumstances present in the instant case—that is, when a money judgment was entered prior to appeal and the mandate issued by the appellate court requires only the modification of that judgment rather than the initial entry of a money judgment. *See Shoemaker,* 187 So. 3d at 865 ("[W]here the trial court originally entered a money judgment and only the amount of the award is modified after an appeal, there is no logical reason to employ [rule 9.340(c)]."); *Evers,* 232 So. 3d at 466 ("Where a party appeals a final judgment and only the amount of the award is modified after the appeal, the accrual date for interest does not change and the interest accrues

4

from the date of the original judgment as modified."); *St. Cloud Utils. v. Moore*, 355 So. 2d 446, 447-48 (Fla. 4th DCA 1978) (finding that predecessor to rule 9.340(c) did not apply and reasoning that "our previous reversal in this case did not require the entry of a money judgment for the simple reason that one for the exact sum had already been entered and, in effect, only a modification of that existing judgment was required") (footnote omitted); *Gilmore v. Morrison*, 341 So. 2d 779, 780 (Fla. 4th DCA 1976) ("[W]here a money judgment has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, interest on the judgment as modified runs from the date of the original judgment."). The Fifth District elaborated on the logic behind this interpretation of the rule, as touched on by the supreme court in *Amerace*:

> But for the rule, in a case where a money judgment was not entered below, interest would only begin to accrue after the court of appeal ruled, after the appellate motions for rehearing were resolved, after the mandate issued, and once the judgment for money damages was finally entered, regardless of how many months intervened between the verdict and entry of the money judgment. Delaying interest in that fashion would financially punish the successful appellant by depriving post-trial interest for a considerable time. The rule avoids this unfair result.
>
> However, where the trial court originally entered a money judgment and only the amount of the award is modified after an appeal, there is no logical reason to employ the rule. Under those circumstances, there is already a starting point for the accrual of interest, namely the date on which the original judgment was entered. *Amerace*, 823 So. 2d 110. The rule, by its plain language, applies only when the reversal calls for entry of a money judgment; it does not address, and therefore does not apply, where the mandate requires entry of an amended final judgment that only changes the amount of the monetary award.

*Shoemaker*, 187 So. 3d at 865.

In spite of this body of case law, and the fact that the reversal in this case did not require the entry of a money judgment but rather the modification of one, the plaintiff argues that the trial court correctly modified the judgment so that interest would run from the date of the verdict. The plaintiff relies on two cases, *General Motors Corp. v. McGee,*

5

867 So. 2d 1244 (Fla. 4th DCA 2004), and the opinion relied on by the trial court, *Ferayorni*, 876 So. 2d 680. Neither of these cases supports the plaintiff's position.

In *McGee*, an appeal was taken after the trial court entered a money judgment, and on remand, the trial court awarded post-verdict, pre-judgment interest. *McGee*, 867 So. 2d at 1245. We affirmed based on rule 9.340(c). *Id.* at 1245-46. But the issue of whether the rule applied was waived in the appeal. Instead, General Motors acknowledged that rule 9.340(c) applied and argued that post-verdict, pre-judgment interest would be inequitable under the circumstances of the case. *Id.* at 1246. Thus, this court never addressed the actual question raised in this appeal.

The plaintiff also relies on *Ferayorni*, the opinion the trial court found comparable to and on point with the instant case. On appeal in *Ferayorni*, this court affirmed an award of post-verdict, pre-judgment interest which was imposed after we affirmed on liability but reversed the remittitur. *Ferayorni*, 876 So. 2d at 681. The plaintiff's and trial court's reliance on *Ferayorni* is misplaced: It does not appear from the *Ferayorni* opinion that this court was presented with the question raised in the instant appeal.

The Fifth District has read *Ferayorni* as holding that "rule 9.340(c) applies to all post-appeal amended money judgments." *Shoemaker*, 187 So. 3d at 866. We do not read *Ferayorni* so expansively. First, the opinion does not contain such an assertion. Second, the reasoning contained in the opinion must be read in the context of the argument presented to the court, namely that the *Amerace* opinion could not be reconciled with rule 9.340(c) and thus post-verdict, pre-judgment interest could not be awarded. *Ferayorni*, 876 So. 2d at 682. In the opinion, we recognized the holding of *Amerace*—that interest runs from the date of the judgment. *Id.* We also recognized rule 9.340(c)'s dictate that under the circumstances prescribed by the rule, interest runs from the date of the verdict. *Id.* (citing *Green*, 616 So. 2d 433). We found no conflict between *Amerace* and rule 9.340(c). *Id.* Additionally, we found that the party seeking post-verdict interest had not caused the delay in judgment and thus that could not be a reason not to apply rule 9.340(c). *Id.*

There is no indication in the *Ferayorni* opinion that the appellant argued what is argued here—that the rule does not apply because the mandate requires only modification of a previously-entered money judgment. Thus, it is not apparent that this court entertained any such

6

claim. Notably, when the Fifth District certified conflict with *Ferayorni* on the issue of whether rule 9.340(c) applies where a reversal requires only a modification of a previously entered money judgment, *see Shoemaker v. Sliger*, 207 So. 3d 256, 257 (Fla. 5th DCA 2016), the Florida Supreme Court declined to take jurisdiction. *See Sliger v. Shoemaker*, No. SC16-766 (Fla. Nov. 16, 2016).

In sum, rule 9.340(c) is an exception to the general rule that interest runs from the date a judgment is entered. The appellate rule exception only applies when reversal on appeal results in the initial entry of a money judgment, not when reversal on appeal requires the modification of a previously entered money judgment. Because the latter is the case here, the rule does not apply, and the trial court erred in modifying the final judgment so that interest would run from the date of the verdict.

We reverse and remand for the trial court to amend the final judgment so that it reinstates the provisions contained in the original judgment regarding the accrual of interest and the interest rate.

*Reversed and remanded with instructions.*

TAYLOR and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

7